LAW OFFICES

# SPEAR WILDERMAN

*A Professional Corporation*
SUITE 1400, 230 SOUTH BROAD STREET, PHILADELPHIA, PA 19102
TEL (215) 732-0101   FAX (215) 732-7790



January 24, 2020

WARREN J. BORISH*
SAMUEL L. SPEAR
JAMES F. RUNCKEL
CHARLES T. JOYCE*
BENJAMIN EISNER◊
WENDY CHIERICI*
JAMES KATZ*
MARTIN W. MILZ*
LOIS GARBER SCHWARTZ*
NICHOLAS J BOTTA*
SYRETTA J. MARTIN*
MELISSA A. LOVETT
F. TIGHE BURNS*
THEODORE P. DiMUZIO
CHRISTOPHER R. STOCKTON††
SARAH LEAH TARLOW†
CHRISTOPHER G. CASSIE*

PA BAR EXCEPT:
††NJ BAR
* PA & NJ BAR
◊ PA, NJ & DC BAR
† PA, NY & IL BAR

NJ OFFICE
1040 N. KINGS HIGHWAY
SUITE 202
CHERRY HILL, NJ 08034
(856) 482-8799 FAX (856) 482-0343

BRUCE E. ENDY
RETIRED, 2017

LEONARD SPEAR
1923 – 2003

LOUIS H. WILDERMAN
1909 - 1993

*Via Hand Delivery*

Kate Barkman, Clerk of Court
U.S. District Court, Eastern District of Pennsylvania
2609 U.S. Courthouse
601 Market Street
Philadelphia, PA 19106

**Re:   International Union of Painters and Allied Trades District Council No. 21 et al. v. Acoustics Plus, Inc.**

Dear Madam:

With respect to the above-referenced matter, enclosed please find an original and one copy of a Complaint (with disk) along with a check in the amount of $400.00 for processing.

Kindly file the original and return one time-stamped copy in the enclosed, self-addressed stamped envelope, provided for your convenience. Thank you.

Sincerely yours,
**SPEAR WILDERMAN, P.C.**

Tony Michael, Paralegal

/tm
Enclosures

cc:   Brian Smith, Fund Administrator (via e-mail)

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: _____ 2980 Southampton-Byberry Rd., Philadelphia, PA 19154

Address of Defendant: _____ 725 Morwood Road, Telford, PA 18969

Place of Accident, Incident or Transaction: _____

---

*RELATED CASE, IF ANY:*

Case Number: _____   Judge: _____   Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes ☐   No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes ☐   No ☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?   Yes ☐   No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?   Yes ☐   No ☑

I certify that, to my knowledge, the within case ☐ is / ☑ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 01/24/2020 _____   _____   93082

*Attorney-at-Law / Pro Se Plaintiff*   *Attorney I.D. # (if applicable)*

---

CIVIL: (Place a √ in one category only)

| A. | *Federal Question Cases:* | B. | *Diversity Jurisdiction Cases:* |
|----|---------------------------|----|----------------------------------|
| ☐ 1. | Indemnity Contract, Marine Contract, and All Other Contracts | ☐ 1. | Insurance Contract and Other Contracts |
| ☐ 2. | FELA | ☐ 2. | Airplane Personal Injury |
| ☐ 3. | Jones Act-Personal Injury | ☐ 3. | Assault, Defamation |
| ☐ 4. | Antitrust | ☐ 4. | Marine Personal Injury |
| ☐ 5. | Patent | ☐ 5. | Motor Vehicle Personal Injury |
| ☐ 6. | Labor-Management Relations | ☐ 6. | Other Personal Injury *(Please specify):* _____ |
| ☐ 7. | Civil Rights | ☐ 7. | Products Liability |
| ☐ 8. | Habeas Corpus | ☐ 8. | Products Liability – Asbestos |
| ☐ 9. | Securities Act(s) Cases | ☐ 9. | All other Diversity Cases |
| ☐ 10. | Social Security Review Cases | | *(Please specify):* _____ |
| ☑ 11. | All other Federal Question Cases *(Please specify):* Employee Retirement Income Security Act | | |

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, Martin W. Milz, Esq. , counsel of record *or pro se plaintiff*, do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☑ Relief other than monetary damages is sought.

DATE: 01/24/2020 _____   _____   93082

*Attorney-at-Law / Pro Se Plaintiff*   *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

*Civ. 609 (5/2018)*

JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
International Union of Painters and Allied Trades District Council No. 21 Health and Welfare Fund, et al.
2980 Southampton-Byberry Road, Philadelphia, PA 19154

**(b)** County of Residence of First Listed Plaintiff   Philadelphia
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Martin W. Milz, Esq. & Syretta J. Martin, Esq.
Spear Wilderman, P.C.
230 South Broad Street, Suite 1400, Philadelphia, PA 19102
215-732-0101

## DEFENDANTS
Acoustics Plus, Inc.

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1  U.S. Government
Plaintiff

☒ 3  Federal Question
*(U.S. Government Not a Party)*

☐ 2  U.S. Government
Defendant

☐ 4  Diversity
*(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                                    *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & | Pharmaceutical Personal Injury | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | Slander | Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 340 Marine | | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☒ 791 Employee Retirement Income Security Act | | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from Another District *(specify)*
☐ 6 Multidistrict Litigation - Transfer
☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Section 502 & Section 515 of the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. Section 1132 & 1145
Brief description of cause:
Complaint

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $155,879.70

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ Yes   ☒ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE
01/24/2020

SIGNATURE OF ATTORNEY OF RECORD
Martin W. Milz, Esq.

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

| | | |
|---|---|---|
| INTERNATIONAL UNION OF PAINTERS AND ALLIED TRADES DISTRICT COUNCIL NO. 21 HEALTH AND WELFARE FUND, ET AL. | : : : : | CIVIL ACTION |
| | : | NO. |
| Plaintiffs, | : : | |
| v. | : : | |
| ACOUSTICS PLUS, INC | : : | |
| Defendant. | : : : | |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255. ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits. ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2. ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos. ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.) ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks. ( ✓ )

| | | |
|---|---|---|
| **January 24, 2020** | | **Martin W. Milz, Esq.** |
| **Date** | **Attorney-at-law** | **Attorney for Plaintiffs** |
| 215-732-0101 | 215-732-7790 | Mmilz@spearwilderman.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

**(Civ. 660) 10/02**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **INTERNATIONAL UNION OF PAINTERS AND** | : | **CIVIL ACTION** |
| **ALLIED TRADES DISTRICT COUNCIL NO. 21** | : | |
| **HEALTH AND WELFARE FUND** | : | **NO.** |
| **2980 Southampton-Byberry Road** | : | |
| **Philadelphia, PA 19154** | : | |
| and | : | |
| | : | |
| **INTERNATIONAL UNION OF PAINTERS AND** | : | |
| **ALLIED TRADES DISTRICT COUNCIL NO. 21** | : | |
| **ANNUITY FUND** | : | |
| **2980 Southampton-Byberry Road** | : | |
| **Philadelphia, PA 19154** | : | |
| and | : | |
| | : | |
| **INTERNATIONAL UNION OF PAINTERS AND** | : | |
| **ALLIED TRADES DISTRICT COUNCIL NO. 21** | : | |
| **JOB RECOVERY FUND** | : | |
| **2980 Southampton-Byberry Road** | : | |
| **Philadelphia, PA 19154** | : | |
| and | : | |
| | : | |
| **FINISHING TRADES INSTITUTE OF THE** | : | |
| **MID-ATLANTIC REGION** | : | |
| **2980 Southampton-Byberry Road** | : | |
| **Philadelphia, PA 19154** | : | |
| and | : | |
| | : | |
| **INTERNATIONAL UNION OF PAINTERS AND** | : | |
| **ALLIED TRADES DISTRICT COUNCIL NO. 21** | : | |
| **INDUSTRY ADVANCEMENT FUND** | : | |
| **2980 Southampton-Byberry Road** | : | |
| **Philadelphia, PA 19154** | : | |
| and | : | |
| | : | |
| **INTERNATIONAL UNION OF PAINTERS AND** | : | |
| **ALLIED TRADES DISTRICT COUNCIL NO. 21** | : | |
| **VACATION FUND** | : | |
| **2980 Southampton-Byberry Road** | : | |
| **Philadelphia, PA 19154** | : | |
| and | : | |
| | : | |
| **INTERNATIONAL UNION OF PAINTERS AND** | : | |
| **ALLIED TRADES DISTRICT COUNCIL NO. 21** | : | |

**SCHOLARSHIP FUND**
**2980 Southampton-Byberry Road**
**Philadelphia, PA 19154**
                    and

**INTERNATIONAL UNION OF PAINTERS AND**
**ALLIED TRADES DISTRICT COUNCIL NO. 21**
**JOB ORGANIZATION PROGRAM TRUST FUND**
**2980 Southampton-Byberry Road**
**Philadelphia, PA 19154**
                    and

**JOSEPH ASHDALE,**
**in his official capacity as a Trustee of the**
**International Union of Painters and Allied Trades**
**District Council No. 21 Health and Welfare Fund**
**2980 Southampton-Byberry Road**
**Philadelphia, PA 19154**
                    and

**INTERNATIONAL UNION OF PAINTERS AND**
**ALLIED TRADES FINISHING TRADES**
**INSTITUTE**
**7230 Parkway Drive**
**Hanover, MD 21076**
                    and

**INTERNATIONAL UNION OF PAINTERS AND**
**ALLIED TRADES LABOR MANAGEMENT**
**COOPERATIVE FUND**
**7234 Parkway Drive**
**Hanover, MD 21076**
                    and

**INTERNATIONAL UNION OF PAINTERS AND**
**ALLIED TRADES DISTRICT COUNCIL NO. 21**
**2980 Southampton-Byberry Road**
**Philadelphia, PA 19154**
                    and

**INTERNATIONAL PAINTERS AND ALLIED**
**TRADES INDUSTRY PENSION FUND**
**7234 Parkway Drive**
**Hanover, MD 21076**
                    and

:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:

2

INTERNATIONAL PAINTERS AND ALLIED           :
TRADES INDUSTRY ANNUITY FUND                :
7234 Parkway Drive                          :
Hanover, MD 21076                           :
        and                                      :
                                        :
TIM MAITLAND,                               :
in his official capacity as a fiduciary    :
International Painters and Allied Trades Industry :
Pension Fund, International Union of Painters and :
Allied Trades Finishing Institute, and International :
Union of Painters and Allied Trades Management :
Cooperative Fund                            :
7234 Parkway Drive                          :
Hanover, MD 21076                           :
                   Plaintiffs,        :
       v.                                        :
ACOUSTICS PLUS, INC.                        :
725 Morwood Road                            :
Telford, PA 18969                           :
                 Defendant.           :

## C O M P L A I N T

### The Parties

1.     Plaintiffs International Union of Painters and Allied Trades ("IUPAT") District Council No. 21 ("DC21") Health and Welfare Fund, IUPAT DC21 Annuity Fund, IUPAT DC21 Job Recovery Fund, Finishing Trades Institute of the Mid-Atlantic Region, IUPAT DC21 Industry Advancement Fund, IUPAT DC21 Vacation Fund, IUPAT DC21 Scholarship Fund, IUPAT DC21 Job Organization Program Trust Fund (hereafter collectively, "DC21 Funds") are employee benefit plans pursuant to Section 3(3) of the Employee Retirement Income Security Act (hereafter, "ERISA"), 29 U.S.C. Section §1002(3), with their principal office located at 2980 Southampton-Byberry Road, Philadelphia, PA 19154, within this judicial district.

2.     Plaintiff, International Painters and Allied Trades Industry Pension Fund (hereafter, "Pension Fund"), is an employee benefit plan pursuant to Section 3(3) of ERISA, 29

3

U.S.C. Section §1002(3), with its principal office located at 7234 Parkway Drive, Hanover, MD 21076.

3.     Plaintiff, International Union of Painters and Allied Trades Annuity Fund, (hereafter, "Annuity Fund"), is an employee benefit plan pursuant to Section 3(3) of ERISA, 29 U.S.C. Section §1002(3), with its principal office located at 7234 Parkway Drive, Hanover, MD 21076.

4.     Plaintiff, International Union of Painters and Allied Trades Finishing Trades Institute (hereafter, "FTI"), is a trust fund established under 29 U.S.C. Section §186(5), and a "multiemployer plan" and "employee benefit plan" and "employee welfare benefit plan" pursuant to Sections 3(37), (1) and (3) of ERISA, 29 U.S.C. Sections §§1002(37), (1) and (3), with its principal office located at 7230 Parkway Drive, Hanover, MD 21076.

5.     Plaintiff, International Union of Painters and Allied Trades Labor Management Cooperative Fund (hereafter, "LMCF", and collectively hereafter with the aforementioned Funds, "Plaintiff Funds"), is an entity that performs certain employer association functions, but also is an unincorporated organization established under 29 U.S.C. §186(c)(9).  Its principal office is located at 7234 Parkway Drive, Hanover, MD 21076.  Plaintiff Funds are due and owing relief sought from Acoustics Plus, Inc., as set forth below.

6.     Plaintiff, Joseph Ashdale, a trustee of the IUPAT DC21 Funds' Health and Welfare Fund, acts as a fiduciary on behalf of the Plaintiff Funds within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. §1002(21)(A), for the purposes of collecting delinquent contributions, and brings this action in such capacity on behalf of all Plaintiff Funds, having been so authorized by the Trustees of each of the Plaintiff Funds.

7.      Plaintiff, Tim Maitland, as Fund Administrator for the Pension Fund, acts as a fiduciary on behalf of Pension Fund within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. §1002(21)(A), with respect to collection of contributions due the Pension Fund, and is authorized to bring this action in such capacity on behalf of all Trustees of the Pension Fund and the Pension Fund as an organization.  He is also authorized to bring this action on behalf of the Finishing Trades Institute and the Labor Management Cooperation Initiative through a Collection Services Agreement.

8.      Plaintiff International Union of Painters and Allied Trades District Council No. 21 (hereafter, "Plaintiff Union") is an unincorporated labor organization within the meaning of Section 2(5) of the Labor Management Relations Act of 1947 (hereafter, the "LMRA"), as amended, 29 U.S.C. §185, with its principal office located at 2980 Southampton-Byberry Road, Philadelphia, PA 19154.  Plaintiff Union brings this action in its capacity as collective bargaining agent for the covered employees of Defendant, Acoustics Plus, Inc.

9.      Defendant, Acoustics Plus, Inc. (hereafter, "Defendant") is a Pennsylvania corporation with its principal office located at 725 Morwood Road, Telford, PA 18969.

10.      Defendant is engaged in interstate commerce within the meaning of Section 2(6) of the LMRA, as amended, 29 U.S.C. §152(6), and have employed members of Plaintiff Union pursuant to a collective bargaining agreement(s) in the Commonwealth of Pennsylvania.

11.      Defendant is an employer within the meaning of Section 2(2) of the National Labor Relations Act and Section 301 of the LMRA, as amended, 29 U.S.C. §§152(2) and 185; and Section 515 of ERISA, 29 U.S.C. §§1002(5) and 1145.

## Jurisdiction & Venue

12.     Jurisdiction of this District Court is invoked pursuant to Section 301 of the LMRA, as amended, 29 U.S.C. §185, in that Defendant is an employer within the meaning of the LMRA, and a party to collective bargaining agreement(s) which forms the basis and substance of the matters at issue in this litigation; and 28 U.S.C. §1337, providing for original jurisdiction in civil actions that arise out of an Act of Congress regulating commerce.

13.     Jurisdiction of the District Court is invoked pursuant to the provisions of Section 502 and Section 515 of ERISA, 29 U.S.C. §§1132 and 1145, in that Defendants is an employer as defined by ERISA.  The Eastern District of Pennsylvania is the proper venue under ERISA section 502(e)(2), 29 U.S.C. §1132(e)(2), because the Plaintiff Funds are administered in this judicial district.

## Causes of Action

14.     Plaintiffs assert Defendant has failed to make benefit fund contributions in a total amount of **$155,879.70**, pursuant to sections 502 and 515 of ERISA, as outlined in the following paragraphs.

### First Cause of Action – Section 502 and 515 of ERISA
### Audit Delinquency – DC21 Funds v. Acoustics Plus, Inc.

15.     Plaintiffs hereby incorporate the allegations of paragraphs 1 through 14, as if set forth fully herein.

16.     Plaintiff Union and Defendant are parties to a collective bargaining agreement(s), which requires that Defendant, pursuant to the terms within said agreement(s), make certain contributions for all hours worked on a timely basis to Plaintiff Funds and remit certain payments to the Union based upon performance of covered work by its employees who are also members of the Union at rates commensurate with those required under the collective bargaining

agreement(s). A true and correct copy of that agreement(s), in relevant part, is attached hereto as Exhibit A.

17.     Defendant, like all contributing employers to Plaintiff Funds, is required to submit monthly reports accurately setting forth the hours worked by employees covered under the collective bargaining agreement(s), and to remit contributions to Plaintiff Funds, at hourly rates commensurate with those required by the collective bargaining agreement(s).   The collective bargaining agreement(s) further notes that liquidated damages and interest shall be assessed to untimely and/or unpaid fringe benefit contributions until the employer cures its delinquency.

18.     Further, pursuant to the collective bargaining agreement(s) with Plaintiff Union, Defendant is required to submit to auditing of its books and records at reasonable intervals for the purpose of determining the accuracy of the contributions made by the employer to the Plaintiff Funds.

19.     On July 24, 2019, an independent auditor retained by the DC21 Funds completed an audit of Defendant's payroll records for the contribution periods of January 1, 2018 through June 30, 2019.

20.     As detected by the DC21 Funds' audit, Defendant employed workers for whom it failed to remit required benefit contributions for the abovementioned audit period, which has resulted in an audit delinquency in the amount of **$2,970.48**, which includes interest accrued to present in the amount of $2,084.35 and the cost of audit in the amount of $886.13. While the DC21 Funds acknowledge payment of the audit principal owed, this amount remains due.  A true and correct copy of the DC21 Funds' audit is attached hereto as Exhibit B.

21.     Due to Defendant's failure to timely pay the audit delinquency, the DC21 Funds' Delinquency Policy provides that the Defendant is responsible to the DC21 Funds for liquidated

damages assessed at twenty percent (20%) of the audit principal balance in the amount of $12,778.84, making the total sum of **$15,749.32** now due for this audit delinquency. A true and correct copy of the IUPAT District Council No. 21 Health and Welfare Fund Delinquency Policy by which assessments of interest and liquidated damages are governed is attached hereto as Exhibit C.

22. Defendant has been notified of the DC21 Funds' audit delinquency but has failed or refused to make appropriate and timely payments as required. True and correct copies of the Notices sent by Fund Counsel, dated August 27, 2019 and September 18, 2019, respectively, are attached hereto as Exhibit D.

**WHEREFORE**, Plaintiffs request this Court to grant judgment against Defendant, and in favor of Plaintiffs, and to award relief as follows:

a. Judgment in the amount of **$15,749.32,** representing the total accumulated audit delinquency owed to DC21 Funds, or such other amount as may be due and owing when this cause of action reaches judgment, as provided for by the applicable collective bargaining agreement(s) and by section 502 of ERISA;

b. Reasonable counsel fees, interest to run at rate of 6%, and costs of suit, as provided for by the applicable collective bargaining agreement(s) and by Section 502 of ERISA;

c. Injunctive relief ordering Defendant to remit employer reports, contributions and other required payments in a timely fashion; and

d. Other relief as the Court deems just and proper.

**Second Cause of Action – Section 502 and 515 of ERISA**
**Contribution Delinquency – DC21 Funds v. Acoustics Plus, Inc.**

23. Plaintiffs hereby incorporate the allegations of paragraphs 1 through 22, as if set forth fully herein.

24.   In derogation of obligations and duties noted in the collective bargaining agreement(s) and the DC21 Funds' Delinquency Policy, Defendant has failed to remit required fringe benefit contributions and/or reports for the periods of July 2019 through November 2019, resulting in an additional delinquency in the amount of **$83,364.26,** which includes a principal amount owed in the amount of $70,922.03, liquidated damages in the amount of 10,750.00, and interest accrued to the present in the amount of 1,692.23. While the Defendant only recently remitted reports for this period showing said principal amount owed, the Defendant was notified of the interest assessment by the Fund Counsel, but has failed, or refused, to make payment as required. True and correct copies of Notices sent by Fund Counsel dated May 23, 2019 and June 11, 2019, respectively, are attached hereto as Exhibit E.

**WHEREFORE**, Plaintiffs request this Court to grant judgment against Defendant, and in favor of Plaintiffs, and to award relief as follows:

a.   Judgment in the amount of **$83,364.26,** representing the total accumulated contribution delinquency owed to DC21 Funds, or such other amount as may be due and owing when this cause of action reaches judgment, as provided for by the applicable collective bargaining agreement(s) and by section 502 of ERISA;

b.   Reasonable counsel fees, interest to run at rate of 6%, and costs of suit, as provided for by the applicable collective bargaining agreement(s) and by Section 502 of ERISA;

c.   Injunctive relief ordering Defendant to remit employer reports, contributions and other required payments in a timely fashion; and

d.   Other relief as the Court deems just and proper.

**Third Cause of Action – Section 502 and 515 of ERISA**
**Audit Delinquency – Pension Fund, Annuity Fund, Finishing Trades Institute of the Mid-Atlantic Region and Labor Management Cooperative Fund (the "International Funds") v. Acoustics Plus, Inc.**

25.     Plaintiffs hereby incorporate the allegations of paragraphs 1 through 24, as if set forth fully herein.

26.     On July 24, 2019, the International Funds completed their own independent audit of Defendant's payroll records, for the contribution periods of January 1, 2018 through June 30, 2019.

27.     As detected by the International Funds' audit, Defendant employed workers for whom it failed to remit required benefit contributions for the abovementioned audit period, which has resulted in an audit delinquency in the amount of **$28,255.51**, which includes audit principal due and owing in the amount of $22,458.26, interest accrued to present in the amount of $862.57, liquidated damages in the amount of $4,491.65 and the cost of audit in the amount of $442.62. A true and correct copy of the International Funds' audit is attached hereto as Exhibit F.

**WHEREFORE**, Plaintiffs request this Court to grant judgment against Defendant, and in favor of Plaintiffs, and to award relief as follows:

a.     Judgment in the amount of **$28,255.51,** representing the total accumulated audit delinquency owed to the International Funds, or such other amount as may be due and owing when this cause of action reaches judgment, as provided for by the applicable collective bargaining agreement(s) and by section 502 of ERISA;

b.     Reasonable counsel fees, interest to run at rate of 6%, and costs of suit, as provided for by the applicable collective bargaining agreement(s) and by Section 502 of ERISA;

c.     Injunctive relief ordering Defendant to remit employer reports,

10

contributions and other required payments in a timely fashion; and

      d.    Other relief as the Court deems just and proper.

**Fourth Cause of Action – Section 502 and 515 of ERISA**
**Contribution Delinquency – International Funds v. Acoustics Plus, Inc.**

28.    Plaintiffs hereby incorporate the allegations of paragraphs 1 through 27, as if set forth fully herein.

29.    Notwithstanding its obligations so contained in the collective bargaining agreement(s), Defendant has employed workers for whom it has failed to remit the required benefit contributions to the International Funds timely for the periods of July 2019 through November 2019, resulting in a delinquency in the amount of **$28,510.61**, which includes a principal amount owed in the amount of $23,490.24, liquidated damages in the amount of $4,667.93, and interest accrued to the present in the amount of $352.44. A true and correct copy of the International Funds' Plan Document by which assessments of interest and liquidated damages are governed is attached hereto as Exhibit G.

30.    These amounts may change as Defendant makes payments, partial payments and/or fails to make payments due as a result of additional or prior work performed, or additional delinquencies are uncovered, in accordance with the collective bargaining agreement(s). These amounts may also change based on contributions uncovered as due and owing by an audit of Defendant's payroll records which is scheduled to take place on February 20, 2020. A true and correct copy of the Audit Notice is attached hereto as Exhibit H.

31.    Plaintiffs are entitled to a provision permitting immediate registration in another District of any judgment entered in this action.

**WHEREFORE**, Plaintiffs request this Court to grant judgment against Defendant, and in favor of Plaintiffs, and to award relief as follows:

a.     Judgment in the amount of **$28,510.61,** representing the total accumulated contribution delinquency owed to the International Funds, or such other amount as may be due and owing when this cause of action reaches judgment, as provided for by the applicable collective bargaining agreement(s) and by section 502 of ERISA;

b.     Reasonable counsel fees, interest to run at rate of 6%, and costs of suit, as provided for by the applicable collective bargaining agreement(s) and by Section 502 of ERISA;

c.     Injunctive relief ordering Defendant to remit employer reports, contributions and other required payments in a timely fashion; and

d.     Other relief as the Court deems just and proper.

Respectfully submitted,

**SPEAR WILDERMAN, P.C.**

BY:

MARTIN W. MILZ
SYRETTA J. MARTIN
230 South Broad Street, Suite 1400
Philadelphia, PA 19102
(215) 732-0101
Attorneys for Plaintiffs

Dated: January 24, 2020

# MASTER
# COLLECTIVE BARGAINING
# AGREEMENT

Between

**District Council No. 21**
**International Union of Painter and Allied Trades**

and the

**Associated Master Painters of Philadelphia and Vicinity**

and the

**Interior Finishing Contractors Association of Philadelphia, Pa.**

and the

**Architectural Glass and Metal Association of Philadelphia and Vicinity**

and the

**P.D.C.A. of Northeast Pa.**

and the

**P.D.C.A. of Harrisburg**

and the

**American Sub-Contractors Association of Central Pa.**

**and All Independent Employers and Associations**

**May 1, 2001 Thru April 30, 2004**

1


EXHIBIT
A

INDEX

| | | |
|---|---|---|
| Article 1 | Recognition | Page 2 |
| Article 2 | Union Security | Page 2 |
| Article 3 | Check-off Administrative Dues | Page 3 |
| Article 4 | Function of Management | |
| Article 5 | Contract Increases & Territories, (Wage Breakdown See: Schedule A) | |
| Article 6 | Specific Provisions & Conditions for: Painter, Wallcoverer | |
| Sections 6.29 to 6.29.36 | Drywall Finishers | |
| | Zones 1 & 5 | |
| Article 7 | Specific Provisions & Conditions for: Painter, Drywall Finisher, Wallcoverer Zones 2, 3 & 4 | |
| Article 8 | Specific Provisions & Conditions for: Glazier Zones 1 thru 6 | |
| Article 9 | DC Representative | |
| Article 10 | General Work Conditions | |
| Article 11 | Picketing | |
| Article 12 | Subletting of Contract | |
| Article 13 | Preservation of Work | |
| Article 14 | Grievance & Arbitration | |
| Article 15 | Security of Funds | |
| Article 16 | Various Funds | |
| Article 17 | Pinpointing Funds | |
| Article 18 | Industry Advancement Funds | |
| Article 19 | Dc #21 Apprenticeship | |
| Article 20 | State Safety Code Compliance | |
| Article 21 | Compensation Insurance Coverage, Work Injury | |
| Article 22 | Acts, Relations, Rulings, Legal Jurisdiction | |
| Article 23 | Promotion for Better Journeypersons & Industries | |
| Article 24 | More Favorable Terms | |
| Article 25 | Duration | |
| Schedule A | WAGE RATES & WAGE INCREASES | |
| Schedule B | APPRENTICE RATES | |
| Exhibit A | SIZE SCHEDULE | |

## Articles of Agreement

This Agreement is made and entered into this first (1St) day of May 1 2001 between the
ASSOCIATED MASTER PAINTERS AND DECORATORS INC. OF PHILADELPHIA AND
VICINITY, And INTERIOR FINISH CONTRACTORS ASSOCIATION OF DELAWARE
VALLEY; ARCHITECTURAL GLASS AND METAL ASSOCIATION OF PHILADELPHIA
AND VICINITY, P.D.C.A. OF NORTHEAST PA; P.D.C.A.- HARRISBURG; AMERICAN SUB-
CONTRACTORS ASSCOCIATION OF CENTRAL PA. hereinafter called the "EMPLOYER", and
DISTRICT COUNCIL # 21 OF THE INTERNATIONAL UNION OF PAINTERS AND ALLIED
TRADES, AFL-CIO, OF EASTERN PENNSYLVANIA, SOUTHERN NEW JERSEY, AND THE
STATE OF DELAWARE, HEREAFTER called the "COUNCIL".

**Now, Therefore, This Agreement Witnesseth:**

## ARTICLE 1

### Recognition

**1.1    Recognition:**
The Union recognizes the ASSOCIATED MASTER PAINTERS AND DECORATORS INC. OF
PHILADELPHIA AND VICINITY And INTERIOR FINISH CONTRACTORS ASSOCIATION
OF DELAWARE VALLEY; ARCHITECTURAL GLASS AND METAL ASSOCIATION OF
PHILADELPHIA AND VICINITY, P.D.C.A. OF NORTHEAST PA;  P.D.C.A.- HARRISBURG;
AMERICAN SUB-CONTRACTORS OF CENTRAL PA. AND ALL INDEPENDENT
EMPLOYERS & ASSOCIATIONS as the exclusive collective bargaining representative and agent
under the terms of this Agreement for all of its present and future members. THE ASSOCIATED
MASTER PAINTERS AND DECORATORS INC. OF PHILADELPHIA AND VICINITY And
INTERIOR FINISH CONTRACTORS ASSOCIATION OF DELAWARE VALLEY,
ARCHITECTURAL GLASS AND METAL ASSOCIATION OF PHILADELPHIA AND
VICINITY, P.D.C.A. OF NORTHEAST PA; P.D.C.A.- HARRISBURG; AMERICAN SUB-
CONTRACTORS OF CENTAL PA.

AND ALL INDEPENDENT EMPLOYERS and any other Association this Union may recognize, do
recognize the COUNCIL as the Bargaining representative of the Painters, Decorators, Wallcoverers,
Drywall Finishers, Glaziers, and apprentice EMPLOYEES of the EMPLOYERS.

**1.2    NLRB Status:**
Inasmuch as the Union has demanded recognition from the EMPLOYER as the exclusive bargaining
representative of the EMPLOYEES in the bargaining unit described herein under Section 9(a) of the
National Labor Relation Act, and has submitted proof thereof in the form of signed and dated
authorization cards, and the EMPLOYER is satisfied that the Union represents a majority of its
EMPLOYEES in the bargaining unit described herein, the EMPLOYER hereby recognizes the
Union as the exclusive collective bargaining representative of its EMPLOYEES on all present and
future job sites within the jurisdiction of the Union, unless and until such time as the Union loses its
status as the EMPLOYEES' exclusive representative as a result of an NLRB election requested by

the EMPLOYEES. The EMPLOYER agrees that during the life of this Agreement it will not request a NLRB election and expressly waives any right it may have to do so.

## ARTICLE 2

### Union Security Clause

**2.1     Membership:**

It is agreed that after the EMPLOYEE, who by the nature of his work comes within the provisions of this Agreement and who shall have worked for any EMPLOYER for not less than seven (7) days, such EMPLOYEE shall be required to then become and remain a member of the Union in good standing, and the Union shall make membership therein continuously available to such EMPLOYEE on the same terms and conditions as are generally applicable to the other members of the Union.

**2.2     Discharge of EMPLOYEE:**

Any EMPLOYEE who fails or refuses to become a member of the Union after seven (7) days from the date of commencement of work with any EMPLOYER shall, upon written notice from the Union, be discharged by his current EMPLOYER.

## ARTICLE 3

### Check-Off Administrative Dues

**3.1     Agreement of Check-Off**

Every EMPLOYER, signatory to this Agreement, hereby agrees to check-off from wages of any EMPLOYEE by such EMPLOYER during the term of this Agreement, administrative dues in the then amount specified in this Agreement and/or Union's by-law and to remit said amount to the Administrator in the following manner.

**3.1.1**   Upon signing of this Agreement the Union will notify the EMPLOYER in writing of the amount of administrative dues specified, and will submit to the EMPLOYER a copy of the By-Laws or the appropriate By-Laws.

**3.1.2**   For each payroll period, the EMPLOYER will deduct from the wages of each EMPLOYEE the amount specified, based on Gross Wages and Fringe Benefits paid during said payroll period, and will accumulate said deduction at the end of the month.

**3.1.3**   All payments and/or transmittals of funds required under this Article shall be paid to the Administrator not later than the thirtieth (30th) day following the end of the month in which the check-off occurred. All such payments shall be made in accordance with the payment and collection procedures hereinafter set forth in Article 16.

**3.2     Outside of #21's Area:**
When a signatory EMPLOYER performs a job within the jurisdiction of a Union affiliated with the International Union of Painters and Allied Trades other than the Union signatory hereto and the By-Laws of that other Union contain a provision for administrative dues or business agent "assessment," the EMPLOYER shall check-off from the wages of EMPLOYEES covered by this Agreement and employed on that job administrative dues or business agent "assessment," in the amount stated in that other Union's By-Laws and shall remit said amount to that other Union. In that event, that other Union shall be acting as agent of the signatory Union for the purpose of policing and administering this Agreement in performing the check-off, the procedure specified in 3.1 thru 3.1.3 will be followed, except that it shall be the responsibility of said other Union to notify the EMPLOYER in writing of the amount of administrative dues or business agent "assessment" specified, and to submit to the EMPLOYER a copy of the By-Laws or the applicable By-Laws provision. When the signatory EMPLOYER performs a job within the jurisdiction of a Union affiliated with the International Union of Painters and Allied Trades, other than the Union signatory hereto, and the By-Laws of that other Union contains no provision for administrative dues or business agent "assessment" the EMPLOYER shall continue to be bound by 3.1

**3.3     EMPLOYER'S Obligation:**
The obligation of the EMPLOYER under 3.1 and 3.3 shall apply only as to EMPLOYEES who have voluntarily signed a valid dues deduction authorization card.

**3.4     Time of Employment**
At the time of employment of any EMPLOYEE, the EMPLOYER will submit to each such EMPLOYEE, for his voluntary signature, a dues deduction authorization card in duplicate; one copy of which is retained by the EMPLOYER and the other returned to the Union; the form to be supplied to such EMPLOYER by the Union.

**3.5     Submittal Form:**
On or before the thirtieth (30th) day of each month, the EMPLOYER will submit to the Union, a list of all EMPLOYEES covered by the Agreement who have not signed a dues deduction card, together with the number of hours worked by each such EMPLOYEE during the month previous.

**3.6     Political Action Fund:**
It is recognized that the District Council 21 has a Political Action Fund and is entitled to voluntary contributions by its members.  Upon receipt of written authorization from an EMPLOYEE, the EMPLOYER agrees to deduct payments in the amount specified in Schedule A from the wages of said EMPLOYEE, and forward such monies to the Political Action Fund, in a manner consistent with Article 3.

## ARTICLE 15

### Security of Funds

**15.1**  Upon signing an EMPLOYER to this Collective Bargaining Agreement, the EMPLOYER must submit to the Union a complete list of all EMPLOYEES and jobs; also proof of having proper Worker's Compensation and Unemployment Insurance.

**15.2**  ALL EMPLOYERS are required to post a security bond; the original shall be filed with the District Council # 21 office. The amount of the bond for EMPLOYERS averaging 1 to 15 EMPLOYEES shall be $25,000.00, 16 to 35 EMPLOYEES shall be $40,000.00 and over 35 EMPLOYEES $50,000.00. In lieu of a bond, a letter of credit in said amount is acceptable.

**15.3**  For NEW EMPLOYERS, in lieu of a minimum bond or letter of credit, the EMPLOYER eligible for the minimum coverage must deposit the sum of $10,000.00 by certified check to be held in escrow by the Fund office, until such time the EMPLOYER no longer employs District Council # 21 members, or has posted proper security.

**15.3.1**  EMPLOYERS working under these circumstances may be required by the Union to pay fringe benefits and deductions on a weekly basis.

**15.4**  Vacation Fund escrow will also be retained (per Article 16.4.1)

## ARTICLE 16

### Various Funds

**16.1**  **Health & Welfare Funds:** (1) The EMPLOYER agrees to be bound by all provisions set forth in the Agreement and Declaration of Trust, and all amendments thereto, governing establishment and operation of the I.U.P.A.T. District Council No. 21 Welfare Fund. The Trust Agreement provides, *inter alia,* for the receipt of contributions by the Welfare Fund for the purpose of providing group health, medical surgical disability and other related welfare benefits to eligible workers and their families, in such form and amounts as the Trustees of the Welfare Fund may determine in conformity with the discretion vested in them under provisions set forth in the Trust Agreement. The EMPLOYER agrees to contribute for each EMPLOYEE covered by this Agreement to the Welfare Fund in the manner provided herein, in the then current amounts and for the periods as set forth in Article 5 and Schedule A.

**16.2**  **The I.U.P.A.T. Union and Industry Pension Fund and Annuity:**

**16.2.1**  The EMPLOYER agrees to be bound by all provisions set forth in the Agreement and Declaration of Trust, and all amendments thereto, governing establishment and operation of the I.U.P.A.T. Union and Industry National Pension Fund ("Pension Fund"). The Trust Agreement

provides *inter alia,* for the receipt of contributions by the I.U.P.A.T. Union and Industry National Pension Fund for the purpose of providing pension and other related benefits to eligible workers and their families, in such form and amounts as the Trustees of the I.U.P.A.T. Union and Industry National Pension Fund may determine in conformity with the discretion vested in them under provisions set forth in the Trust Agreement. The EMPLOYER agrees to contribute for each EMPLOYEE covered by this Agreement to the Pension Fund in the manner provided herein, in the then current amounts and for the periods as set forth in Article 5 and Schedule A.

**16.2.2**   Contributions shall be paid on behalf of any EMPLOYEE starting with the EMPLOYEE'S first day of employment in a job classification covered by this Agreement.

**16.2.3**   The payments to the Pension and Annuity Fund required above shall be made to the I.U.P.A.T. Union and Industry National Pension Fund which was established under an Agreement and Declaration of Trust dated April 1, 1967.

**16.2.4**   The EMPLOYER hereby irrevocably designates as its representatives on the Board of Trustees such Trustees as are now serving, or who will in the future serve as EMPLOYER Trustees, together with their successors. The EMPLOYER further agrees to be bound by all actions taken by the Trustees pursuant to the Agreement and Declaration of Trust.

**16.2.5**   All contributions shall be made at such time and in such manner as set forth in this Agreement. The Trustees shall have the authority to have an independent certified public accountant audit the payroll and wage records of the EMPLOYER for the purpose of determining the accuracy of contributions to the Pension Fund.

**16.2.6**   If an EMPLOYER fails to make contributions to the Pension Fund within thirty (30) days after the date required by the Trustees, the Union shall have the right to take whatever steps are necessary to secure compliance with this Agreement, any other provisions hereof to the contrary notwithstanding, and the EMPLOYER shall be liable for all costs for collecting payments due, together with attorneys' fees and such liquidated damages as may be assessed by the Trustees. The EMPLOYER'S liability for payment under this Article shall not be subject to or covered by any grievance or arbitration procedure or any "no strike" clause which may be provided or set forth elsewhere in this Agreement.

**16.2.7**   The Pension Plan adopted by the Trustees of the Pension Fund shall at all times conform with the requirements of the Internal Revenue Code so as to enable the EMPLOYER at all times to treat contributions to the Pension Fund as a deduction for income tax purposes.

**16.3     The I.U.P.A.T. District Council 21 Annuity Fund:**

**16.3.1**   The EMPLOYER agrees to be bound by all provisions set forth in the Agreement and Declaration of Trust, and all amendments thereto, governing establishment and operation of the I.U.P.A.T. District Council 21 Annuity Fund. The Trust Agreement provides *inter alia,* for the receipt of contributions by the I.U.P.A.T. District Council 21 Annuity Fund for the purpose of providing pension and other related benefits to eligible workers and their families, in such form and amounts as the Trustees of the I.U.P.A.T. District Council 21 Annuity Fund may determine in

conformity with the discretion vested in them under provisions set forth in the Trust Agreement. The EMPLOYER agrees to contribute for each EMPLOYEE covered by this Agreement to the Annuity Fund in the manner provided herein, in the then current amounts and for the periods as set forth in Article 5 and Schedule A.

**16.3.2**   Contributions shall be paid on behalf of any EMPLOYEE, starting with the EMPLOYEE'S first day of employment in a job classification covered by this Agreement.

**16.3.3**   The payments to the Annuity Funds required above shall be made to the I.U.P.A.T. District Council 21 Annuity Fund which was established under an Agreement and Declaration of Trust dated June 1, 1972.

**16.3.4**   The EMPLOYER hereby irrevocably designates as its representatives on the Board of Trustees such Trustees as are now serving, or who will in the future serve as EMPLOYER Trustees, together with their successors. The EMPLOYER further agrees to be bound by all actions taken by the Trustees pursuant to the Agreement and Declaration of Trust.

**16.3.5**   All contributions shall be made at such time and in such manner as set forth in this Agreement. The Trustees shall have the authority to have an independent certified public accountant audit the payroll and wage records of the EMPLOYER for the purpose of determining the accuracy of contributions to the Annuity Fund.

**16.3.6**   If an EMPLOYER fails to make contributions to the Annuity Fund within thirty (30) days after the date required by the Trustees, the Union shall have the right to take whatever steps are necessary to secure compliance with this Agreement, any other provisions hereof to the contrary notwithstanding, and the EMPLOYER shall be liable for all costs for collecting payments due, together with attorneys' fees and such liquidated damages as may be assessed by the Trustees. The EMPLOYER'S liability for payment under this Article shall not be subject to or covered by any grievance or arbitration procedure or any "no strike" clause which may be provided or set forth elsewhere in this Agreement.

**16.3.7**   The Annuity Plan adopted by the Trustees of the Annuity Fund shall at all times conform with the requirements of the Internal Revenue Code so as to enable the EMPLOYER at all times to treat contributions to the Annuity Fund as a deduction for income tax purposes.

**16.4**   **Vacation Fund:** (1) The EMPLOYER agrees to be bound by all provisions set forth in the Agreement and Declaration or Trust, and all amendments thereto, governing establishment and operation of the I.U.P.A.T. District Council No. 21 Vacation Fund. The Agreement provides, *inter alia,* for the receipt of contributions by the Vacation Fund for the purpose of providing vacation benefits to eligible workers and their families, in such form and amounts as the Trustees of the Vacation Fund may determine in conformity with the discretion vested in them under provisions set forth in the Trust Agreement. The EMPLOYER agrees to contribute for each EMPLOYEE covered by this Agreement to the Vacation Fund in the manner provided herein, in the then current amounts and for the periods as set forth in Article 5 and Schedule A.

**16.4.1**   A certified check for no less than Five Hundred Dollars ($500.00) and no more than Two Thousand Five Hundred Dollars ($2,500.00) shall be deposited with the Administrator of the Vacation Fund by each EMPLOYER. The Board of Trustees of the Vacation Fund shall determine the amount due from each EMPLOYER, predicated on the basis of one-twelfth (1/12) of the yearly amount of funds submitted by the EMPLOYER to the Vacation Fund in the preceding year. In addition to any other remedies available to the Vacation Fund as set forth is this Article, an EMPLOYER who is delinquent in submitting contributions to the Vacation Fund shall have the delinquent monies withdrawn from its certified check, and will be required to resubmit a new check in full covering this delinquency.

**16.5    Training and Education Fund:**
The EMPLOYER agrees to be bound by all provisions set forth in the Agreement and Declaration of Trust, and all amendments thereto, governing establishment and operation of the I.U.P.A.T. District Council 21 Apprenticeship Training and Journey Person Education Fund (hereinafter referred to as The Training Fund). The Trust Agreement provides, *inter alia,* for the receipt of contributions by the Training Fund for the purpose of establishing and administering a Training Program as the Trustees of the Apprenticeship Fund may determine in conformity with the discretion vested in them under provisions set forth in the Trust Agreement. The EMPLOYER agrees to contribute for each EMPLOYEE covered by this Agreement to the Apprenticeship Fund in the manner provided herein, in the then current amounts and for the periods as set forth in Article 5 and Schedule A.

**16.6    National Apprenticeship Fund:** The EMPLOYER agrees to contribute the sum of five cents ($.05) per hour for each hour for which an EMPLOYEE receives pay to the National Apprenticeship Fund. Trustees of said Fund shall remit said sum to the National Painting and Decorating and Drywall Apprenticeship and Manpower Training Fund at such regular periods of time, and in the manner and form as shall be determined by the Trustees of the National Apprenticeship Fund from time to time.

**16.7    The District Council 21 Scholarship Fund:**

**16.7.1**   The EMPLOYER agrees to be bound by all provisions set forth in the Agreement and Declaration of Trust, and all amendments thereto, governing establishment and operation of the District Council 21 Scholarship Fund ("Scholarship Fund").  The Trust Agreement provides *inter alia,* for the receipt of remittance by the Scholarship Fund for the purpose of providing educational relief to eligible workers and their families, in such form and amounts as the Trustees of the Scholarship Fund may determine in conformity with the discretion vested in them under provisions set forth in the Trust Agreement.  The EMPLOYER agrees to remit for each EMPLOYEE covered by this Agreement to the Scholarship Fund in the manner provided herein, in the then current amounts and for the periods as set forth in Article 5, Schedule A.

**16.7.2**   Remittances shall be paid on behalf of any EMPLOYEE, starting with the EMPLOYEE'S first day of employment in a job classification covered by this Agreement.

**16.7.3**   The EMPLOYER further agrees to be bound by actions taken by the Scholarship Fund Trustees pursuant to the Agreement and Declaration of Trust.

**16.7.4**  All remittances shall be made at such time and in such manner as set forth in this Agreement.  The Trustees shall have the authority to have an independent certified public accountant audit the payroll and wage records of the EMPLOYER for the purpose of determining the accuracy of deductions and remittances to the Scholarship Fund.

**16.7.5**  If an EMPLOYER fails to make remittance to the Scholarship Fund within thirty (30) days after the date required by the Trustees, the Union shall have the right to take whatever steps are necessary to secure compliance with this Agreement, any other provisions hereof to the contrary notwithstanding, and the EMPLOYER shall be liable for all costs for collecting payments due, together with attorneys' fees and such liquidated damages as may be assessed by the Trustees.  The EMPLOYER'S liability for payment under this Article shall not be subject to or covered by any grievance or arbitration procedure or any "no strike' clause which may be provided or set forth elsewhere in this Agreement.

**16.8    Board of Trustees:**
As to each Fund referenced in Sections 16.1 through 16.15 of this Article, the EMPLOYER hereby irrevocably designates as its representatives on the Boards of Trustees such Trustees as are now serving, or will in the future serve, as EMPLOYER Trustees, together with their successors appointed and/or elected in accordance with provisions set forth in the Agreement and Declaration of Trust for each Fund. The EMPLOYER further agrees to be bound by all actions taken by the Trustees of each respective Fund pursuant to each such Agreement and Declaration of Trust, and to be further bound by any and all rules and regulations duly adopted by each Board of Trustees. The Welfare Fund, Vacation Fund and Training Fund shall each be administered, pursuant to an Agreement and Declaration of Trust, by a Board of Trustees composed of an equal number of representatives selected by the AMPD, IFCA, and AGMA, and or other Associations that the Council may acknowledge, by its Board of Directors, and by District Council No. 21 in accordance with its Bylaws. A copy of the Trust Agreements, together with Amendments thereto, shall be made available upon request by the parties and shall be considered a part of this Agreement as if set forth herein at length. The said Trust Agreements and any Amendments thereto, shall provide for annual audits of each respective Fund. The payments by the EMPLOYERS of contributions to each respective Fund shall be made monthly, on or before a date and in a manner and form that shall be prescribed by the Trustees. Each EMPLOYER shall be bound to provide such information to each Fund as its Board of Trustees may require in order to verify the amount(s) of contributions due and owing by such EMPLOYER.

**16.9    Auditing of Books:**
Each or any of the Funds referenced in this Article may engage a certified public accounting firm to periodically audit the books and records of any contributing EMPLOYER (or contractors working in this area) for the purpose, of verifying contributions due and owing to the respective Fund and/or liabilities for contributions due and owing to such Fund. The EMPLOYER shall make available to any Fund auditor all books and records requested by the auditor and/or Board of Trustees, including, but not limited to; payroll, wage, general ledger, cash disbursement records, compensation insurance audits, and any other pertinent records deemed necessary for the purpose, of ascertaining and/or verifying payments and/or determining liabilities. Such records shall be made available to Fund auditors upon reasonable notice. In the event such audit shall disclose for any period a deficiency in the payment reported owed and/or paid to the Fund(s) of five percent (5%) or more of the amount

that should have been paid for such period under this Agreement, the cost of the audit shall be borne by the EMPLOYER. A confirmation report from the Funds will be available annually upon request by any EMPLOYER pertaining to its payments into the Funds, Industry Advancement Program, and Check-Off Administrative Dues.

**16.10**   The benefit programs adopted by each respective Board of Trustees shall be described in a Summary Plan Description (if one is required by law) and made available to all eligible participants of each Fund.

**16.11**   Each EMPLOYER agrees to furnish the Board of Trustees of each respective Fund with information necessary and appropriate to verify required contributions on reporting forms to be provided by each respective Fund. Such information shall be reported each month and shall include, but not be limited to, the names, classifications, Social Security numbers of the EMPLOYEES, and the number of hours worked by each EMPLOYEE during the period or periods for which the contributions are being made.

**16.12**   A cash bond covering all Funds may be required for all out of area contractors working within the jurisdiction of District Council 21. The amount of each such bond shall be determined by the Union based upon the anticipated contribution amounts that may be due and owing to each Fund for the period of any respective projects but shall not exceed Twenty-five Thousand Dollars ($25,000.00).

**16.13**   Each EMPLOYER shall furnish to the Funds either a surety bond or a letter of credit, the letter of credit to be in the form approved by the parties and filed with the Fund's Contract Administrator in the amount not to exceed Twenty-five Thousand Dollars ($25,000.00) covering the full term of this Agreement, conditioned to guarantee the payments due, by the respective EMPLOYER, of the contributions due and owing to each of the Funds.

**16.14**   All EMPLOYERS from jurisdictions other than the jurisdiction of District Council No. 21 shall be subject to the above provisions contained in this Agreement and the gross payroll contributions when performing work within the geographical jurisdiction of District Council No. 21, including IAP contributions which shall be paid to the appropriate association representing that trade.

**16.15   Delinquencies/Collection Procedures/Rights and Remedies of the Union and Fringe Benefit Funds:** In addition to any rights, remedies or obligations set forth in this Agreement, each EMPLOYER shall have the obligations and the Union and each Fringe Benefit Fund shall have the rights and remedies set forth below:

**16.15.1**        All reports to the Union with respect to check-off and administrative dues, as well as amount due and owing must be filed with and paid to the Administrator of the Union and/or each respective Fund by the earlier of the thirtieth (30th) day or last calendar day of each month following the month in which the contributions and/or check-off became due and owing. Liquidated Damages of Seven Hundred Fifty Dollars ($750.00) for failure to file a timely remittance report and not make a timely payment shall automatically be levied upon the delinquent EMPLOYER; Liquidated Damages of Five Hundred Dollar ($500.00) shall be levied on the delinquent EMPLOYER in

circumstances where a report is submitted in a timely manner, but the EMPLOYER has failed to pay the appropriate contribution to the Union and/or Fund. Upon written petition and showing of need by an EMPLOYER, a twenty (20) day extension for payment will be granted by the Business Manager / Secretary Treasurer. All liquidated damages paid pursuant to this Section shall be distributed pro rata to the Union (dues); the Association (IAP contributions) and the respective Funds based upon the amount of the delinquent obligation owed to each entity. Nothing contained herein shall be construed as a limitation on the right of any Fringe Benefit Fund to impose liquidated damages and/or costs of collection proceedings on a "delinquent" EMPLOYER in accordance with provisions set forth in ERISA or applicable law.

**16.15.2**      In the event the wage payments, Fringe Benefit (Fund) contributions, Union Administrative Dues (Check-off) or any other payments required by any provision in this Collective Bargaining Agreement are not transmitted to the EMPLOYEES, the Union or the appropriate EMPLOYEE Benefit Fund, as the case may be, in a timely manner, in accordance with provisions set forth herein, or in the event the reporting forms relating to Union assessments and/or EMPLOYEE Benefit Fund contributions are not submitted in a timely manner as provided herein, the EMPLOYER shall be considered as "delinquent." In addition to the liquidated damages set forth in (16.15.1) above, the "delinquent" EMPLOYER shall be obligated to pay any assessments and/or interest on the debt that may be required under rules, regulations or procedures governing delinquent contributions established by the Trustees of the Various Fringe Benefit Funds identified in this labor contract and not inconsistent with this Agreement or as may otherwise be imposed by law. Each EMPLOYER shall be bound and governed by any rules, regulations or procedures adopted by any of the Boards of Trustees or any of the Fringe Benefit Funds to which contributions are due and owing under this Agreement. The rules, regulations or procedures adopted by the Trustees of the Various Fringe Benefit Funds may require payment by a delinquent EMPLOYER of liquidated damages, assessments, interest on the debt (in an amount determined by the Trustees or by applicable law) and shall also assess against a delinquent EMPLOYER audit fees incurred during the collection, including, but not limited to counsel fees and costs. Such charges and expenses shall be paid to that entity to whom such contributions and payments are owed. The Co-Chairman of the Joint Trade Board may require any "delinquent" EMPLOYER or any EMPLOYER who has demonstrated a pattern of delinquency to submit its contributions on a weekly basis, notwithstanding any provisions set forth in this labor Agreement. In addition, the Board of Trustees of the Various Fringe Benefit Funds are empowered to adopt rules and regulations requiring any "delinquent" EMPLOYER or any EMPLOYER that has demonstrated a pattern of delinquency to furnish to the Board of Trustees a bond or other appropriate surety in an amount sufficient to protect the respective Fund(s) from any financial loss that may result from future delinquencies by any EMPLOYER that is, or has been, delinquent in its obligations to the Fund. The amount of any such bond or other surety shall be in the sole discretion of the Board of Trustees, and the Board in determining the amount of any such bond, may consider the costs related to the collection of future delinquencies, as well as contribution amounts.

**16.15.3**      In addition to all other remedies available to the parties and/or the various Fringe Benefit Funds with respect to "delinquent" EMPLOYERS, the Union may treat any failure by an EMPLOYER to satisfy a delinquency as a breach of this Agreement. In such event, the Union may, in addition to any other remedy that may be available to it, and without being limited by any "no strike" obligation that may appear in this Agreement or be implicit in its terms, remove its members

from any job(s) of such delinquent EMPLOYER. A removal of manpower by the Union, pursuant to this provision, shall not be construed as a "termination" of this Agreement with respect to any affected EMPLOYER.

**16.16   The International Union of Painters and Allied
           Trades Labor-Management Cooperation Initiative**

**16.16.1**   Commencing with the 1st day of May 1997, and for the duration and any renewal of this Agreement, the EMPLOYER agrees to make payments to The International Union of Painters and Allied Trades Labor Management Cooperation Initiative ("Fund") for each EMPLOYEE covered by this Agreement, as follows:

**16.16.2**   For each hour or portion thereof, for which an EMPLOYEE receives pay, the EMPLOYER shall make the then current contribution of $.05 to the Fund.

**16.16.3**   For the purpose of this Article, each hour worked for, including hours attributable to show up time, and other hours for which pay is received by the EMPLOYEE in accordance with the Agreement, shall be counted as hours for which contributions are payable.

**16.16.4**   Contributions shall be paid on behalf of any EMPLOYEE starting with the EMPLOYEE'S first day of employment in a job classification covered by this Agreement.

**16.16.5**   The EMPLOYER and Union signatory to this Agreement agrees to be bound by and to the Agreement and Declaration of Trust, as amended from time to time, establishing the Fund.

**16.17**   The EMPLOYER hereby irrevocably designates as its representatives on the Board of Trustees such Trustees as are now serving, or who will in the future serve, as EMPLOYER Trustees, together with their successors.

**16.18**   All contributions shall be made at such time and in such manner, as the Trustees require; and the Trustees may at any time conduct an audit in accordance with the Agreement and Declaration of Trust.

**16.19**   If an EMPLOYER fails to make contributions to the Fund within twenty (20) days after the date required by the Trustees, the Union shall have the right to take whatever steps are necessary to secure compliance with this Agreement, any other provision hereof to the contrary not withstanding, and the EMPLOYER shall be liable for all costs of collection of the payments due together with attorney fees and such liquidated damages as may be assessed by the Trustees. The EMPLOYER'S liability for payment under this Article shall not be subject to or covered by any grievance or arbitration procedure or any "no-strike" clause which may be provided or set forth elsewhere in this Agreement.

# ARTICLE 24

## More Favorable Terms

**24.1     More Favorable Terms:**
The COUNCIL agrees that should it enter into any Agreement with an individual EMPLOYER or group of EMPLOYERS to provide wages or working conditions more favorable to the EMPLOYER than are included in this Agreement, such more favorable wages and working conditions shall automatically be included in this Agreement.

# ARTICLE 25

## Duration

**25.1    Term:**
This Agreement will continue for a term of three (3) years from May 1, 2001 thru April-30th, 2004, between District Council 21 and the A.M.P.D; I.F.C.A., A.G.M.A; P.D.C.A.-HARRISBURG, PA; P.D.C.A.-NE.PA; all Independent EMPLOYERS and any other Association this Union may recognize as provided herein, and shall continue thereafter from year to year unless terminated by either side giving to the other written notice at least sixty (60) days prior to the expiration of the then current term of their desire to modify or terminate. Such notice shall also contain the changes desired in the current Agreement.

Jun-07-02 08:38P Acoustics Plus Inc.                    2157239890                    P.01

## Signature Page

### May 1, 2001 thru April 30, 2004

In Witness Whereof, the parties hereto, intending to be legally bound, have hereunto set their hands and seals the day and year first above mentioned.

Date _6 - 7 - 02_

I/We, the undersigned, an EMPLOYER in the Painting, Paperhanging, Drywall, and Glazing Industries, have read the foregoing Agreement, am familiar with its provisions, accept and agree to be bound by all its terms and conditions. I also agree, with the signing of this Agreement, to provide to District Council No. 21 a complete list of all my journeypersons and apprentices whom I employ.

### Independent Employer or Association

District Council # 21                                          Company
International Union of Painters and Allied Trades

BY _/s/_ _Edward L. McClintock Jr._                    _Francis Hercker Jr. V.P._

Edward L. McClintock, Jr.                               Company Representative
Business Manager/Secretary Treasurer                    _Francis Hercker Jr. V.P._
                                                        _Acoustics Plus Inc._

**District Council 21 Employee Benefit Funds**

## PAYROLL COMPLIANCE REVIEW

## REPORT

EMPLOYER:         Acoustics Plus, Inc.

ADDRESS:          P.O. Box 262, Harleysville, PA  19438

DATE PAYROLL REVIEW COMPLETED:    July 24, 2019

REVIEW PERIOD:   January 1, 2018 through June 30, 2019

EMPLOYER REPRESENTATIVE, IF ANY, PRESENT AT THE TIME OF
THE PAYROLL REVIEW:        Ms. Greta Luongo, CPA

LOCATION OF EXAMINATION:   Perry Blackman CPA
                                       506 Corporate Drive West, Langhorne, PA  19047

DOES THE EMPLOYER PAY CONTRIBUTIONS ON:

Non Bargaining Unit Employees:    No        If yes, is there a Participation agreement?

Owner/Operator:               No        If yes, is there an Owner/Operator agreement?

RESULTS OF PAYROLL COMPLIANCE REVIEW:

    A - Contributions are due for delinquent months March-June 2019
    B - Contributions due for Overtime hours paid but not reflected on the payroll.
    C - Dues are to be remitted on hours paid



EXHIBIT
B

**District Council 21 Employee Benefit Funds**

<u>PAYROLL COMPLIANCE REVIEW</u>

<u>SUMMARY</u>

EMPLOYER:      Acoustics Plus, Inc.

REVIEW PERIOD:   January 1, 2018 through June 30, 2019

| | | <u>2018</u> | | <u>2019</u> | | <u>TOTAL</u> |
|---|---|---|---|---|---|---|
| Health & Welfare | $ | - | $ | 31,655.20 | $ | 31,655.20 |
| Annuity Fund | | - | | 11,909.04 | | 11,909.04 |
| Apprentice DC21 | | - | | 3,018.32 | | 3,018.32 |
| Industry Advancement | | - | | 519.20 | | 519.20 |
| Vacation Fund | | - | | 5,192.00 | | 5,192.00 |
| Scholarship Fund | | - | | 259.60 | | 259.60 |
| Benevolent Fund | | - | | 95.76 | | 95.76 |
| HRA Fund | | - | | 778.80 | | 778.80 |
| DC21 LMF | | - | | 190.66 | | 190.66 |
| Drywall Finisher Target Fund | | - | | 3,152.76 | | 3,152.76 |
| Organizing Fund | | - | | 181.72 | | 181.72 |
| PAC Fund | | - | | 778.80 | | 778.80 |
| Dues / hour | | 72.48 | | 2,465.54 | | 2,538.02 |
| Dues % of Wages | | - | | 3,624.34 | | 3,624.34 |
| **TOTAL CONTRIB. DUE:** | $ | **72.48** | $ | **63,821.74** | $ | **63,894.22** |
| Interest | | 5.09 | | 325.23 | | 330.32 |
| *Liquidated Damages\** | | 14.50 | | 12,764.35 | | 12,778.84 |
| Cost of Audit | | | | | | 886.13 |
| **TOTAL  AMOUNT  DUE:** | | | | | $ | **77,889.51** |

*\*Please note Liquidated Damages may be due if payment of Principle, Interest and Cost of Audit (If applicable)*
*is not received within 15 days after notification from Fund Office.*

**District Council 21 Employee Benefit Funds**

EMPLOYER: Acoustics Plus, Inc.
ADDRESS: P.O. Box 262, Harleysville, PA 19438
CONTACT: Ms. Greta Luongo, CPA
PH NUMBER: 267-757-0720

REVIEW PERIOD: January 1, 2018 through June 30, 2019
AUDITOR: Maria Cooper

Reason For Deficiency (RFD):
A - Contributions are due for delinquent months March-June 2019

2019

## Contributions Due for Journeymen Tapers-PHL

| Name | SS Number | RFD | | JAN | FEB | MAR | APR | MAY | JUN | JUL | AUG | SEP | OCT | NOV | DEC | TOTAL |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Barlow, Jason | 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 | A | HOURS | | | 152.00 | 120.00 | 78.00 | | | | | | | | 350.00 |
| | | | WAGES | | | $6,126.12 | $4,712.40 | $3,063.06 | | | | | | | | $13,901.58 |
| Gordon, William | 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 | A | HOURS | | 8.00 | 166.00 | 204.00 | 104.00 | | | | | | | | 482.00 |
| | | | WAGES | | $322.16 | $7,047.25 | $8,537.24 | $4,188.08 | | | | | | | | $20,094.73 |
| Perdum, Joseph | 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 | A | HOURS | | | 168.00 | 168.00 | 152.00 | 128.00 | | | | | | | 616.00 |
| | | | WAGES | | | $7,012.44 | $7,216.29 | $6,197.04 | $5,591.08 | | | | | | | $26,016.85 |
| Romero, Fidel | 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 | A | HOURS | 40.00 | | 168.00 | 192.00 | 168.00 | 184.00 | | | | | | | 752.00 |
| | | | WAGES | $1,610.80 | | $6,765.36 | $7,731.84 | $6,926.44 | $7,881.36 | | | | | | | $30,915.80 |
| TOTAL HOURS | | | | 40.00 | 8.00 | 654.00 | 684.00 | 502.00 | 312.00 | - | - | - | - | - | - | 2,200.00 |
| TOTAL WAGES | | | | $1,610.80 | $322.16 | $26,951.17 | $28,197.77 | $20,374.62 | $13,472.44 | $ - | $ - | $ - | $ - | $ - | $ - | $90,928.96 |

### Amount Due

| | | 5/8/18* | 5/8/19 | JAN | FEB | MAR | APR | MAY | JUN | JUL | AUG | SEP | OCT | NOV | DEC | TOTAL |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| HEALTH & WELFARE | $ per hour | $12.55 | $12.55 | $490.00 | $98.00 | $8,011.50 | $8,379.00 | $6,300.10 | $3,915.60 | | | | | | | $27,194.20 |
| ANNUITY FUND | $ per hour | $4.64 | $5.64 | $185.60 | $37.12 | $3,034.56 | $3,173.76 | $2,831.28 | $1,759.68 | | | | | | | $11,022.00 |
| APPRENTICE DC21 | $ per hour | $1.16 | $1.20 | $46.40 | $9.28 | $758.64 | $793.44 | $602.40 | $374.40 | | | | | | | $2,584.56 |
| INDUSTRY FUND | $ per hour | $0.20 | $0.20 | $8.00 | $1.60 | $130.80 | $136.80 | $100.40 | $62.40 | | | | | | | $440.00 |
| VACATION FUND | $ per hour | $2.00 | $2.00 | $80.00 | $16.00 | $1,308.00 | $1,368.00 | $1,004.00 | $624.00 | | | | | | | $4,400.00 |
| SCHOLARSHIP FUND | $ per hour | $0.10 | $0.10 | $4.00 | $0.80 | $65.40 | $68.40 | $50.20 | $31.20 | | | | | | | $220.00 |
| BENEVOLENT FUND | $ per hour | $0.03 | $0.05 | $1.20 | $0.24 | $19.62 | $20.52 | $25.10 | $15.60 | | | | | | | $82.28 |
| HRA FUND | $ per hour | $0.30 | $0.30 | $12.00 | $2.40 | $196.20 | $205.20 | $150.60 | $93.60 | | | | | | | $660.00 |
| DC21 LMF | $ per hour | $0.07 | $0.08 | $2.80 | $0.56 | $45.78 | $47.88 | $40.16 | $24.96 | | | | | | | $162.14 |
| DW FINISHER TARG | $ per hour | $1.41 | $1.41 | $56.40 | $11.28 | $922.14 | $964.44 | $707.82 | $439.92 | | | | | | | $3,102.00 |
| ORGANIZING | $ per hour | $0.07 | $0.07 | $2.80 | $0.56 | $45.78 | $47.88 | $35.14 | $21.84 | | | | | | | $154.00 |
| PAC FUND | $ per hour | $0.30 | $0.30 | $12.00 | $2.40 | $196.20 | $205.20 | $150.60 | $93.60 | | | | | | | $660.00 |
| ADMIN DUES / HOUR | $ per hour | $0.96 | $1.01 | $38.40 | $7.68 | $627.84 | $656.64 | $507.02 | $315.12 | | | | | | | $2,152.70 |
| DUES CHECK OFF | % of wages | 3.50% | 3.50% | $56.38 | $11.28 | $943.29 | $986.92 | $713.11 | $471.54 | | | | | | | $3,182.52 |
| TOTAL AMOUNT DUE | | | | $995.98 | $199.20 | $16,305.75 | $17,054.08 | $13,217.93 | $8,243.46 | $ - | $ - | $ - | $ - | $ - | $ - | $56,016.40 |

**District Council 21 Employee Benefit Funds**

EMPLOYER:  Acoustics Plus, Inc.
ADDRESS:  P.O. Box 262, Harleysville, PA 19438
CONTACT:  Ms. Greta Luongo, CPA
PH NUMBER:  267-757-0720

REVIEW PERIOD:  January 1, 2018 through June 30, 2019
AUDITOR:  Marta Cooper

Reason For Deficiency (RFD):
A – Contributions are due for delinquent months March-June 2019

2019

**Contributions Due for Apprentice Tapers**

| Name | SS Number | RFD | | JAN | FEB | MAR | APR | MAY | JUN | JUL | AUG | SEP | OCT | NOV | DEC | TOTAL |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Konieczki, Jake | xxx-xx-0945 | A | HOURS | | | 88.00 | 192.00 | 16.00 | | | | | | | | 296.00 |
| | | | WAGES | | | 3,437.12 | 6,712.48 | 538.24 | | | | | | | | $ 10,687.84 |
| Mangle, Matthew | xxx-xx-3718 | A | HOURS | | | | | | 64.00 | | | | | | | 64.00 |
| | | | WAGES | | | | | | 1,935.36 | | | | | | | $ 1,935.36 |
| TOTAL HOURS | | | | | | 88.00 | 192.00 | 16.00 | 64.00 | | | | | | | 360.00 |
| TOTAL WAGES | | | | $ - | $ - | 3,437.12 | 6,712.48 | 538.24 | 1,935.36 | $ - | $ - | $ - | $ - | $ - | $ - | $ 12,623.20 |

**Amount Due**

| FUNDS | RATES | 6/1/18 = | 5/1/19 = | JAN | FEB | MAR | APR | MAY | JUN | JUL | AUG | SEP | OCT | NOV | DEC | TOTAL |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| HEALTH & WELFARE | $ per hour | $11.10 | $11.40 | $ - | $ - | $ 976.80 | $ 2,131.20 | $ 182.40 | $ 729.60 | $ - | $ - | $ - | $ - | $ - | $ - | $ 4,020.00 |
| ANNUITY FUND | $ per hour | $2.00 | $2.00 | $ - | $ - | 176.00 | 384.00 | 32.00 | 128.00 | $ - | $ - | $ - | $ - | $ - | $ - | 720.00 |
| APPRENTICE DC21 | $ per hour | $1.08 | $1.12 | $ - | $ - | 95.04 | 207.36 | 17.92 | 71.68 | $ - | $ - | $ - | $ - | $ - | $ - | 392.00 |
| INDUSTRY FUND | $ per hour | $0.20 | $0.20 | $ - | $ - | 17.60 | 38.40 | 3.20 | 12.80 | $ - | $ - | $ - | $ - | $ - | $ - | 72.00 |
| VACATION FUND | $ per hour | $2.00 | $2.00 | $ - | $ - | 176.00 | 384.00 | 32.00 | 128.00 | $ - | $ - | $ - | $ - | $ - | $ - | 720.00 |
| SCHOLARSHIP FUND | $ per hour | $0.10 | $0.10 | $ - | $ - | 8.80 | 19.20 | 1.60 | 6.40 | $ - | $ - | $ - | $ - | $ - | $ - | 36.00 |
| BENEVOLENT FUND | $ per hour | $0.03 | $0.03 | $ - | $ - | 2.64 | 5.76 | 0.80 | 3.20 | $ - | $ - | $ - | $ - | $ - | $ - | 12.40 |
| HRA FUND | $ per hour | $0.30 | $0.30 | $ - | $ - | 26.40 | 57.60 | 4.80 | 19.20 | $ - | $ - | $ - | $ - | $ - | $ - | 108.00 |
| DC21 LMF | $ per hour | $0.07 | $0.08 | $ - | $ - | 6.16 | 13.44 | 1.28 | 5.12 | $ - | $ - | $ - | $ - | $ - | $ - | 26.00 |
| DW FINISHER TARG | $ per hour | $0.00 | $0.00 | $ - | $ - | - | - | - | - | $ - | $ - | $ - | $ - | $ - | $ - | - |
| ORGANIZING | $ per hour | $0.07 | $0.07 | $ - | $ - | 6.16 | 13.44 | 1.12 | 4.48 | $ - | $ - | $ - | $ - | $ - | $ - | 25.20 |
| PAC FUND | $ per hour | $0.30 | $0.30 | $ - | $ - | 26.40 | 57.60 | 4.80 | 19.20 | $ - | $ - | $ - | $ - | $ - | $ - | 108.00 |
| ADMIN DUES / HOUR | $ per hour | $0.61 | $0.62 | $ - | $ - | 53.68 | 117.12 | 9.92 | 39.68 | $ - | $ - | $ - | $ - | $ - | $ - | 220.40 |
| DUES CHECK OFF | % of wages | 3.50% | 3.50% | $ - | $ - | 120.30 | 234.94 | 18.84 | 67.74 | $ - | $ - | $ - | $ - | $ - | $ - | 441.82 |
| TOTAL AMOUNT DUE | | | | $ - | $ - | $ 1,691.98 | $ 3,664.06 | $ 310.68 | $ 1,235.10 | $ - | $ - | $ - | $ - | $ - | $ - | $ 6,901.82 |

District Council 21 Employee Benefit Funds

EMPLOYER: Acoustics Plus, Inc.
ADDRESS: P.O. Box 262, Harleysville, PA 19438
CONTACT: Ms. Greta Luongo, CPA
PH NUMBER: 267-757-0720

REVIEW PERIOD: January 1, 2018 through June 30, 2019
AUDITOR: Maria Cooper

Reason For Deficiency (RFD):
B - Contributions due for Overtime hours paid but not reflected on the payroll.

2019

## Contributions Due for Journeymen Tapers-PHL

| Name | SS Number | RFD | | JAN | FEB | MAR | APR | MAY | JUN | JUL | AUG | SEP | OCT | NOV | DEC | TOTAL |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Gordon, William | 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 | B | HOURS | 8.00 | 14.00 | 4.00 | 4.00 | | | | | | | | | 30.00 |
| | | | WAGES | $ - | $ | $ | $ | | | | | | | | | $ - |
| Perdum, Joseph | 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 | B | HOURS | | | | 6.00 | | | | | | | | | 6.00 |
| | | | WAGES | | | | $ | | | | | | | | | $ - |
| | | | TOTAL HOURS | 8.00 | 14.00 | 4.00 | 10.00 | | | | | | | | | 36.00 |
| | | | TOTAL WAGES | $ - | $ - | $ - | $ - | | | | | | | | | $ - |

Amount Due

| FUNDS | RATES | 5/1/18 | 5/1/19 | JAN | FEB | MAR | APR | MAY | JUN | JUL | AUG | SEP | OCT | NOV | DEC | TOTAL |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| HEALTH & WELFARE | $ per hour | $12.25 | $12.55 | 98.00 | 171.50 | 49.00 | 122.50 | - | - | - | - | - | - | - | - | 441.00 |
| ANNUITY FUND | $ per hour | $4.64 | $5.64 | 37.12 | 64.96 | 18.56 | 46.40 | - | - | - | - | - | - | - | - | 167.04 |
| APPRENTICE DC21 | $ per hour | $1.16 | $1.20 | 9.28 | 16.24 | 4.64 | 11.60 | - | - | - | - | - | - | - | - | 41.76 |
| INDUSTRY FUND | $ per hour | $0.20 | $0.20 | 1.60 | 2.80 | 0.80 | 2.00 | - | - | - | - | - | - | - | - | 7.20 |
| VACATION FUND | $ per hour | $2.00 | $2.00 | 16.00 | 28.00 | 8.00 | 20.00 | - | - | - | - | - | - | - | - | 72.00 |
| SCHOLARSHIP FUND | $ per hour | $0.10 | $0.10 | 0.80 | 1.40 | 0.40 | 1.00 | - | - | - | - | - | - | - | - | 3.60 |
| BENEVOLENT FUND | $ per hour | $0.03 | $0.05 | 0.24 | 0.42 | 0.12 | 0.30 | - | - | - | - | - | - | - | - | 1.08 |
| HRA FUND | $ per hour | $0.30 | $0.30 | 2.40 | 4.20 | 1.20 | 3.00 | - | - | - | - | - | - | - | - | 10.80 |
| DC21 LMF | $ per hour | $0.07 | $0.08 | 0.56 | 0.98 | 0.28 | 0.70 | - | - | - | - | - | - | - | - | 2.52 |
| DW FINISHER TARG | $ per hour | $1.41 | $1.41 | 11.28 | 19.74 | 5.64 | 14.10 | - | - | - | - | - | - | - | - | 50.76 |
| ORGANIZING | $ per hour | $0.07 | $0.07 | 0.56 | 0.98 | 0.28 | 0.70 | - | - | - | - | - | - | - | - | 2.52 |
| PAC FUND | $ per hour | $0.30 | $0.30 | 2.40 | 4.20 | 1.20 | 3.00 | - | - | - | - | - | - | - | - | 10.80 |
| ADMIN DUES / HOUR | $ per hour | $0.96 | $1.01 | 7.68 | 13.44 | 3.84 | 9.60 | - | - | - | - | - | - | - | - | 34.56 |
| DUES CHECK OFF | % of wages | 3.50% | 3.50% | - | - | - | - | - | - | - | - | - | - | - | - | - |
| TOTAL AMOUNT | | | | 187.92 | 328.86 | 93.96 | 234.90 | - | - | - | - | - | - | - | - | 845.64 |

District Council 21 Employee Benefit Funds

EMPLOYER: Acoustist Plus, Inc.
ADDRESS: P.O. Box 262, Harleysville, PA 19438
CONTACT: Ms. Gresa Luongo, CPA
PH NUMBER: 267-757-0720

REVIEW PERIOD: January 1, 2018 through June 30, 2019
AUDITOR: Marta Cooper

Reason For Deficiency (RFD):
B - Contributions due for Overtime hours paid but not reflected on the payroll.
C - Dues are to be remitted on hours paid

2018

## Contributions Due for Journeymen Tapers

| Name | SS Number | RFD | | JAN | FEB | MAR | APR | MAY | JUN | JUL | AUG | SEP | OCT | NOV | DEC | TOTAL |
|------|-----------|-----|--|-----|-----|-----|-----|-----|-----|-----|-----|-----|-----|-----|-----|-------|
| Bartlow, Jason | 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 | C | HOURS | | | | | | | 4.00 | 9.50 | | | 4.00 | | 17.50 |
| | | | WAGES | | | | | | | | | | | | | $  - |
| Gordon, William | 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 | C | HOURS | | | | | | 4.00 | 4.00 | 37.50 | | 4.00 | | | 49.50 |
| | | | WAGES | | | | | | | | | | | | | $  - |
| Perdum, Joseph | 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 | C | HOURS | | 0.50 | | | | | 4.00 | | | | | | 4.50 |
| | | | WAGES | | | | | | | | | | | | | $  - |
| Romero, Fidel | 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 | C | HOURS | | | | | | | | 4.00 | | | | | 4.00 |
| | | | WAGES | | | | | | | | | | | | | $  - |
| **TOTAL HOURS** | | | | - | 0.50 | - | - | - | 4.00 | 12.00 | 51.00 | - | 4.00 | 4.00 | - | 75.50 |
| **TOTAL WAGES** | | | | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |

### Amount Due

| | | | | JAN | FEB | MAR | APR | MAY | JUN | JUL | AUG | SEP | OCT | NOV | DEC | TOTAL |
|--|--|--|--|-----|-----|-----|-----|-----|-----|-----|-----|-----|-----|-----|-----|-------|
| | | | | $ - | $ 0.48 | $ - | $ - | $ - | $ 3.84 | $ 11.52 | $ 48.96 | $ - | $ 3.84 | $ 3.84 | $ - | $ 72.48 |
| | | | | $ - | $ 0.48 | $ - | $ - | $ - | $ 3.84 | $ 11.52 | $ 48.96 | $ - | $ 3.84 | $ 3.84 | $ - | $ 72.48 |

| FUNDS | RATES | 3/1/17 | 5/1/18 |
|-------|-------|--------|--------|
| ADMIN DUES / HOUR | $ per hour | $0.95 | $0.96 |
| TOTAL AMOUNT DUE | | | |

**District Council 21 Employee Benefit Funds**

EMPLOYER:   Acoustica Plus, Inc.
ADDRESS:   P.O. Box 262, Harleysville, PA 19438
CONTACT:   Ms. Greta Luongo, CPA
PH NUMBER:   267-757-0720

REVIEW PERIOD:   January 1, 2018 through June 30, 2019
AUDITOR:   Maria Cooper

**Reason For Deficiency (RFD):**
B - Contributions due for Overtime hours paid but not reflected on the payroll.
C - Dues are to be remitted on hours paid

2019

## Contributions Due for Journeymen Tapers

| Name | SS Number | RFD | | JAN | FEB | MAR | APR | MAY | JUN | JUL | AUG | SEP | OCT | NOV | DEC | TOTAL |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Barlow, Jason | 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 | C | HOURS | | 8.00 | 4.00 | | | | | | | | | | 12.00 |
| | | | WAGES | | | | | | | | | | | | | $ - |
| Gordon, William | 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 | C | HOURS | | | 3.00 | 2.00 | | | | | | | | | 5.00 |
| | | | WAGES | | | | | | | | | | | | | $ - |
| Perdum, Joseph | 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 | C | HOURS | | 4.00 | 4.00 | | | | | | | | | | 8.00 |
| | | | WAGES | | | | | | | | | | | | | $ - |
| Romero, Fidel | 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 | C | HOURS | | 8.00 | | | 4.00 | | | | | | | | 12.00 |
| | | | WAGES | | | | | | | | | | | | | $ - |
| | | | TOTAL HOURS | - | 20.00 | 11.00 | 2.00 | 4.00 | - | - | - | - | - | - | - | 37.00 |
| | | | TOTAL WAGES | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |

| FUNDS | RATES | 5/1/18 | 5/1/19 | JAN | FEB | MAR | APR | MAY | JUN | JUL | AUG | SEP | OCT | NOV | DEC | TOTAL |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| ADMIN DUES / HOUR | $ per hour | $0.96 | $1.01 | | | | | | | | | | | | | |
| TOTAL AMOUNT DUE | | | | $ - | $ 19.20 | $ 10.56 | $ 1.92 | $ 4.04 | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ 35.72 |

**Amount Due** $ 19.20  $ 10.56  $ 1.92  $ 4.04  $ 35.72

## Contributions Due for Journeymen Tapers

| Name | SS Number | RFD | | JAN | FEB | MAR | APR | MAY | JUN | JUL | AUG | SEP | OCT | NOV | DEC | TOTAL |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Gordon, William | 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 | B C | HOURS | 4.00 | 7.00 | 2.00 | 2.00 | | | | | | | | | 15.00 |
| | | | WAGES | | | | | | | | | | | | | $ - |
| Perdum, Joseph | 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 | B C | HOURS | | | 3.00 | | | | | | | | | | 3.00 |
| | | | WAGES | | | | | | | | | | | | | $ - |
| | | | TOTAL HOURS | 4.00 | 7.00 | 2.00 | 5.00 | - | - | - | - | - | - | - | - | 18.00 |
| | | | TOTAL WAGES | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |

| FUNDS | RATES | 5/1/18 | 5/1/19 | JAN | FEB | MAR | APR | MAY | JUN | JUL | AUG | SEP | OCT | NOV | DEC | TOTAL |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| ADMIN DUES / HOUR | $ per hour | $0.96 | $1.01 | | | | | | | | | | | | | |
| TOTAL AMOUNT DUE | | | | $ 3.84 | $ 6.72 | $ 1.92 | $ 4.80 | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ 17.28 |

**Amount Due** $ 3.84  $ 6.72  $ 1.92  $ 4.80  $ 17.28

## Contributions Due for Apprentice Tapers

| Name | SS Number | RFD | | JAN | FEB | MAR | APR | MAY | JUN | JUL | AUG | SEP | OCT | NOV | DEC | TOTAL |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Konieczki, Jake | xxx-xx-0945 | B | HOURS | | | 4.00 | 4.00 | | | | | | | | | 8.00 |
| | | | WAGES | | | | | | | | | | | | | $ - |
| | | | TOTAL HOURS | - | - | 4.00 | 4.00 | - | - | - | - | - | - | - | - | 8.00 |
| | | | TOTAL WAGES | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |

| FUNDS | RATES | 6/4/18 | 5/1/19 | JAN | FEB | MAR | APR | MAY | JUN | JUL | AUG | SEP | OCT | NOV | DEC | TOTAL |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| ADMIN DUES / HOUR | $ per hour | $0.61 | $0.62 | | | | | | | | | | | | | |
| TOTAL AMOUNT DUE | | | | $ - | $ - | $ 2.44 | $ 2.44 | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ 4.88 |

**Amount Due** $ 2.44  $ 2.44  $ 4.88

IUPAT DISTRICT COUNCIL No. 21
HEALTH AND WELFARE FUND

DELINQUENCY POLICY

Pursuant to Articles IV and VII of the Agreement and Declaration of Trust establishing the IUPAT District Council No. 21 Welfare Fund ("Fund"), the Trustees do hereby amend the Procedure for the Collection of Contributions Owed to the I.U.P.A.T. District Council No. 21 Welfare Fund by deleting that policy in its entirety and establishing the following policy, rules and regulations with respect to the collection of contributions from contributing employers to the Fund:

1.      It is the policy of the Trustees of the Fund to collect delinquent contributions in a reasonable, diligent and systematic manner. For the purposes of this agreement, a "delinquency" shall mean any unpaid fringe benefit obligation due by an employer to the Fund.

2.      (a)      All contributions and reports, except where a collective bargaining agreement requires otherwise or as provided in paragraph 2(c) of this policy, are due no later than the thirtieth (30th) day of each month (except February, in which case they are due on the last day of the month) following the month in which the contributing employer's relevant employees performed any work.

(b)      If the due date is a Saturday, Sunday or a legal holiday, the contributions must be received by the next business day.

(c)      Where, pursuant to the collective bargaining agreement, an employer is required to remit on a weekly basis, then reports and contributions are due no later than the Friday following the week in which work was performed.

Page 1 of 8



(d)     As set forth in paragraph 1, a contribution, required by a collective bargaining agreement, to the Fund will be considered delinquent if it is not received by the due date unless the Business Manager/Secretary Treasurer of the IUPAT District Council No. 21 ("hereinafter "Business Manager") grants a (20) twenty day extension of the due date pursuant to the terms, if any, provided in said collective bargaining agreement.

3.      Liquidated damages shall be assessed as follows:

(a) *Employers required to remit on a monthly basis:* If a contribution report is submitted by the applicable due date (in accordance with paragraph 2 of this policy), but the contribution owed is not received by the due date, liquidated damages of $500.00 shall be automatically added to the amount owed by the employer for that month's contribution.  If neither a contribution report nor the contributions owed are received by the due date, liquidated damages of $750.00 shall be automatically added to the amount owed by the employer for that month's contribution.

(b)     *Employers required to remit on a weekly basis:* If a contribution report is submitted by the applicable due date (in accordance with paragraph 2 of this policy), but the contribution owed is not received by the due date, liquidated damages of $115.38 shall be automatically added to the amount owed by the employer for that week's contribution. If neither a contribution report nor the contributions owed are received by the applicable due date, liquidated damages of $173.08 shall be automatically added to the amount owed by the employer for that week's contribution.

4.      In addition to the foregoing liquidated damages, if a contribution is not received by the due date, interest shall start to accrue on the delinquent amounts from the due date at the

rate then charged by the Internal Revenue Service for delinquent taxes under section 6621(n) of the Internal Revenue Code plus one (1) percentage point in excess of such rate.

5.    If the contribution is delinquent, the Trustees, through the Administrative Office of the Fund, will send a notice, as soon as is administratively feasible, to the last known address of said delinquent employer advising said employer that its contributions to the Fund are delinquent, that it owes liquidated damages, as set forth in Paragraph 3 above, on the principal balance outstanding at the time of the notice together with any interest that has accrued on the delinquent payment to date. The notice also shall advise said employer that the Fund will notify the bonding company and make a claim on any bond that has been posted in accordance with the employer's collective bargaining agreement. A copy of this notice shall be forwarded to the union and Fund counsel. Any defect, delay or failure in said notice will not relieve or mitigate the delinquent employer's obligations to the Fund.

6.    The Trustees hereby delegate the initial efforts to collect delinquent contributions to the Union Trustee co-Chair and the Employer Trustee co-Chair (the "co-Chairs") jointly. The co-Chairs are delegated the authority to waive liquidated damages and to enter into a payment plan for delinquent contributions. Any payment plan requiring more than three (3) months to pay the amount owed to the Fund will require, in addition to the bond required by the applicable collective bargaining agreement, that the delinquent employer provide a guarantee of the payment of monies owed to the Fund plus the payment of three (3) months contributions averaged over the past twelve (12) months. This guarantee will be accomplished through a combination of bonding, personal guarantees of the principals of the employer, and/or other security acceptable to the Fund. If the delinquent employer does not have a bond, in the amount

required by the relevant collective bargaining agreement, posted with the Fund, regardless of the length of time in the payment plan, said guarantee will cover the amount owed to the Fund plus six (6) months of contributions averaged over the past twelve (12) months.

7. Should the delinquent contributions, interest, and liquidated damages not be received within 15 (fifteen) days after the sending of notice referenced in Paragraph 5 above, the delinquency shall be referred to Fund counsel to initiate litigation at any time. Unless such is waived by the Co-Chairs, the first step in such action will be for counsel to make a written demand to the last known address of said employer for payment and to provide notice of impending legal action. Any defect, delay or failure in said demand will not relieve or mitigate the delinquent employer's obligations to the Fund. In the event a complaint is filed, the delinquent employer shall pay, in addition to the delinquent amount due and interest thereon, liquidated damages, any audit fees and expenses, reasonable attorney fees, court costs and other expenses incurred. If a bond has been posted, the fund will notify the bonding company and make a claim on the bond. In the event that the delinquency is referred to counsel for litigation, liquidated damages in the amount of twenty percent (20%) of the principal amount due shall be added in addition to the liquidated damages set forth in paragraph 3 above.

8. In the case of a delinquency arising as a result of an audit, the delinquent amount will accrue interest from the due date of the contribution. The interest rate shall be the rate charged at the time of the audit by the Internal Revenue Service for delinquent taxes in accordance with Sec 6621(a) of the Internal Revenue Code applicable to the period of delinquency plus one percentage point in excess of such rate.

9.     Upon completion of an audit, the Trustees through the Administrative Office of the Fund will notify the delinquent employer in writing of the delinquent amount and the interest charges.  If such delinquent contributions and interest are not paid within fifteen (15) days after the date of the written notice, the matter shall be referred to counsel for collections.  If a lawsuit is initiated to collect the delinquent contributions, in addition to any amount owed the Fund, the Fund may impose liquidated damages of twenty percent (20%) of the delinquent amount owed as well as court costs and attorneys' fees.  In addition, where an audit discloses a delinquency of five percent (5%) or more of the amount otherwise due for the audited period, the employer will be responsible for the costs of the audit which amount shall be in addition to any other sums due under this policy.

10.     The Board of Trustees shall have the exclusive authority (with exceptions set forth in paragraph 6 and listed below) to compromise, settle or abandon a claim or delinquency if the cost and expenses which would be involved in the filing of a complaint and in proceeding with litigation would exceed the amount for the delinquency due, or if there are other good and sufficient reasons, such as the remote likelihood of collection established on a case by case basis, for compromising a claim.  Between regularly scheduled meetings of the Trustees, the co-Chairs of the Board of Trustees shall have, in consultation with the Administrative Office of the Fund and delinquency counsel for the Fund, the authority to approve and implement the recommendation of delinquency counsel to compromise settle or abandon a claim.

11.     The Trustees will request that each of the other Trust Funds which require employer contributions pursuant to a collective bargaining agreement with District Council 21 (hereinafter, "Other Trust Fund(s)") delegate delinquency collections to the Trustees of this

Health & Welfare Fund and, if such is delegated to said Trustees, said Trustees will act as fiduciaries to such Other Trust Fund(s) in delinquency matters. If such is delegated, this policy will apply to said Other Trust Fund(s) and the Trustees of the Health & Welfare Fund will meet to handle delinquency matters at the end of the Health and Welfare Fund Meeting, will prepare separate Minutes covering delinquency matters, and will provide a copy of said Minutes to the Other Trust Fund(s) which have delegated delinquency collections to the Trustees of this Health & Welfare Fund. The Trustees of the Health & Welfare Fund will have the right to decline and/or to terminate said delegation of authority. The Trustees of the Other Trust Funds will have the right, at any time, to withdraw and/or revoke, in whole or in part, said delegation of authority.

12.    (a)    A "Shortfall" exists when an employer is delinquent in the making of its payments, when an employer remits less than the full amount due as required under its collective bargaining agreement with the Union, or when litigation or other collection procedures result in the receipt of less than all monies due.

(b)    Shortfalls shall first be first allocated to any fund or Union which receives post-tax contributions (including, but not limited to, Vacation Fund contributions, union dues, political action contributions) on a *pro rata* basis. Thereafter, all remaining monies shall be allocated *pro-rata* to each of the employee benefit plans for which contributions are required under the terms of an employer's collective bargaining agreement based on the contribution amounts set forth in the labor agreement and shall be applied each month to the contributions designated by the employer for that month. Subsequent receipts for said month will be credited in the same manner.

MANAGEMENT TRUSTEES

UNION TRUSTEES

Michael Thurman

Dated:  11-17-14

LAW OFFICES

# SPEAR WILDERMAN

*A Professional Corporation*
SUITE 1400, 230 SOUTH BROAD STREET, PHILADELPHIA, PA 19102
TEL (215) 732-0101   FAX (215) 732-7790

WARREN J BORISH*
SAMUEL L SPEAR
JAMES F RUNCKEL
CHARLES T JOYCE◊
BENJAMIN EISNER◊
WENDY CHIERICI*
JAMES KATZ*
MARTIN W. MILZ*
LOIS GARBER SCHWARTZ*
NICHOLAS J BOTTA*
SYRETTA J MARTIN*
MELISSA A. LOVETT
F TIGHE BURNS*
THEODORE P DiMUZIO
CHRISTOPHER R. STOCKTON†
SARAH LEAH TARLOW††
CHRISTOPHER G. CASSIE*

PA BAR EXCEPT:
†   NJ BAR
*   PA & NJ BAR
◊  PA, NJ & DC BAR
†† PA & NY BAR

NJ OFFICE
1040 N. KINGS HIGHWAY
SUITE 202
CHERRY HILL, NJ 08034
(856) 482-8799 FAX (856) 482-0343

BRUCE E. ENDY
RETIRED, 2017

IRA SILVERSTEIN
OF COUNSEL

LEONARD SPEAR
1923 – 2003

LOUIS H. WILDERMAN
1909 – 1993

August 27, 2019

*Via Certified Mail RRR & Email <bhercker@acousticsplusinc.com>*

Acoustics Plus, Inc.
Attn: Jack Ebert, Frank Hercker & Brian Hercker
725 Morwood Road
Telford, PA 18969

> RE:   **IUPAT District Council No. 21 of Philadelphia Employee Benefit Funds ("Funds") - Delinquent Contributions – <u>Third and Final Notice</u>**

Dear Sirs:

Please be advised that this office is co-counsel for the above-referenced Funds.

We have been advised that Acoustics Plus, Inc. (hereinafter, the "Company") has failed to timely submit remittance reports and/or contributions for the period of December 2016 through June 2019. As a result, the Funds believe the delinquent amount owed for the Company's history of untimely contribution payment and/or reporting during this period to be **$8,049.63,** consisting of interest in the amount of $549.63 and liquidated damages in the amount of $7,500.00.

In addition, the Funds also conducted a payroll audit of the Company, covering the period of January 1, 2018 through June 30, 2019.  The audit determined that the Company owes the Funds an additional sum of **$78,169.59,** consisting of unpaid fringe benefit contributions incurred during this period in the amount of $63,894.22, interest through the present in the amount of $610.40, liquidated damages in the amount of $12,778.84, and cost of audit in the amount of $886.13. A copy of the audit is attached to this letter.

Together, the Company owes the Funds the total sum of <u>$86,219.22.</u>



EXHIBIT
D

Acoustics Plus, Inc.
August 27, 2019
Page 2

Finally, as Article 12 of the CBA states, a signatory employer is required to post a security bond or a letter of credit with the Funds for employees for whom it pays benefit contributions. Therefore, please provide proof of a wage and payment bond to the Funds in the amount of **$40,000.00.**

The Company's failure to remit the reports and/or contributions when due and to provide proof of bond constitutes a violation of both the collective bargaining agreement and federal law. The Employee Retirement Income Security Act of 1974 (ERISA) provides for civil remedies and damages in such a situation.

The Trustees of the Funds have a fiduciary obligation to pursue the recovery of the delinquent amount owed and to ensure that contributing employers provide appropriate contribution security through the provision of wage and payment bonding. Accordingly, please be advised that legal action will be taken unless this matter is resolved within **ten (10) business days** from the date of this letter. *Should the Company fail to cure its delinquencies **and** provide proof of wage and payment bond, a complaint shall be filed against the Company. The Company shall then be responsible to the Funds for additional liquidated damages in the amount of $15,633.92, and any and all attorney's fees and costs associated with the filing.* We urge the Company to take immediate action by providing proof of wage and payment bond in the amount of $40,000.00, **and** paying the arrearages owed by making payment in the amount of $86,219.22 to the Funds.

If you have any questions, please contact me at (215) 732-0101. Thank you.

Sincerely,

**Syretta J. Martin, Esquire**

Enclosure
cc:    Brian Smith, Delinquency Controller (via e-mail)

**District Council 21 Employee Benefit Funds**

## PAYROLL COMPLIANCE REVIEW

### REPORT

EMPLOYER:      Acoustics Plus, Inc.

ADDRESS:      P.O. Box 262, Harleysville, PA  19438

DATE PAYROLL REVIEW COMPLETED:    July 24, 2019

REVIEW PERIOD:  January 1, 2018 through June 30, 2019

EMPLOYER REPRESENTATIVE, IF ANY, PRESENT AT THE TIME OF
THE PAYROLL REVIEW:    Ms. Greta Luongo, CPA

LOCATION OF EXAMINATION:    Perry Blackman CPA
                                   506 Corporate Drive West, Langhorne, PA  19047

DOES THE EMPLOYER PAY CONTRIBUTIONS ON:

Non Bargaining Unit Employees:    No      If yes, is there a Participation agreement?

Owner/Operator:    No      If yes, is there an Owner/Operator agreement?

RESULTS OF PAYROLL COMPLIANCE REVIEW:

    A - Contributions are due for delinquent months March-June 2019
    B - Contributions due for Overtime hours paid but not reflected on the payroll.
    C - Dues are to be remitted on hours paid

District Council 21 Employee Benefit Funds

PAYROLL COMPLIANCE REVIEW

SUMMARY

EMPLOYER:      Acoustics Plus, Inc.

REVIEW PERIOD:   January 1, 2018 through June 30, 2019

|  | | 2018 | | 2019 | | TOTAL |
|---|---|---|---|---|---|---|
| Health & Welfare | $ | - | $ | 31,655.20 | $ | 31,655.20 |
| Annuity Fund | | - | | 11,909.04 | | 11,909.04 |
| Apprentice DC21 | | - | | 3,018.32 | | 3,018.32 |
| Industry Advancement | | - | | 519.20 | | 519.20 |
| Vacation Fund | | - | | 5,192.00 | | 5,192.00 |
| Scholarship Fund | | - | | 259.60 | | 259.60 |
| Benevolent Fund | | - | | 95.76 | | 95.76 |
| HRA Fund | | - | | 778.80 | | 778.80 |
| DC21 LMF | | - | | 190.66 | | 190.66 |
| Drywall Finisher Target Fund | | - | | 3,152.76 | | 3,152.76 |
| Organizing Fund | | - | | 181.72 | | 181.72 |
| PAC Fund | | - | | 778.80 | | 778.80 |
| Dues / hour | | 72.48 | | 2,465.54 | | 2,538.02 |
| Dues % of Wages | | - | | 3,624.34 | | 3,624.34 |
| **TOTAL CONTRIB. DUE:** | $ | **72.48** | $ | **63,821.74** | $ | **63,894.22** |
| Interest | | 5.09 | | 325.23 | | 330.32 |
| *Liquidated Damages** | | 14.50 | | 12,764.35 | | 12,778.84 |
| Cost of Audit | | | | | | 886.13 |
| **TOTAL AMOUNT DUE:** | | | | | $ | **77,889.51** |

*Please note Liquidated Damages may be due if payment of Principle, Interest and Cost of Audit (If applicable)
is not received within 15 days after notification from Fund Office.

District Council 21 Employee Benefit Funds

EMPLOYER: Acoustics Plus, Inc.
ADDRESS: P.O. Box 262, Harleysville, PA 19438
CONTACT: Ms. Greta Luongo, CPA
PH NUMBER: 267-757-0720

REVIEW PERIOD: January 1, 2018 through June 30, 2019
AUDITOR: Marta Cooper

Reason For Deficiency (RFD):
A - Contributions are due for delinquent months March-June 2019

2019

### Contributions Due for Journeymen Tapers-PHL

| Name | SS Number | RFD | | JAN | FEB | MAR | APR | MAY | JUN | JUL | AUG | SEP | OCT | NOV | DEC | TOTAL |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Barlow, Jason | 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 | A | HOURS | | | 152.00 | 120.00 | 78.00 | | | | | | | | 350.00 |
| | | | WAGES | | | 6,126.12 | 4,712.40 | 3,063.06 | | | | | | | | 13,901.58 |
| Gordon, William | 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 | A | HOURS | | 8.00 | 166.00 | 204.00 | 104.00 | | | | | | | | 482.00 |
| | | | WAGES | | 322.16 | 7,047.25 | 8,537.24 | 4,188.08 | | | | | | | | 20,094.73 |
| Perdum, Joseph | 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 | A | HOURS | | | 168.00 | 168.00 | 152.00 | 128.00 | | | | | | | 616.00 |
| | | | WAGES | | | 7,012.44 | 7,216.29 | 6,197.04 | 5,591.08 | | | | | | | 26,016.85 |
| Romero, Fidel | 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 | A | HOURS | 40.00 | | 168.00 | 192.00 | 168.00 | 184.00 | | | | | | | 752.00 |
| | | | WAGES | 1,610.80 | | 6,765.36 | 7,731.84 | 6,926.44 | 7,881.36 | | | | | | | 30,915.80 |
| | | | TOTAL HOURS | 40.00 | 8.00 | 654.00 | 684.00 | 502.00 | 312.00 | - | - | - | - | - | - | 2,200.00 |
| | | | TOTAL WAGES | 1,610.80 | 322.16 | 26,951.17 | 28,197.77 | 20,374.62 | 13,472.44 | - | - | - | - | - | - | 90,928.96 |

Amount Due

| ** FUNDS ** | RATES 5/9/18** | RATES 5/9/19** | | JAN | FEB | MAR | APR | MAY | JUN | JUL | AUG | SEP | OCT | NOV | DEC | TOTAL |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| HEALTH & WELFARE | $12.25 | $12.55 | $ per hour | 490.00 | 98.00 | 8,011.50 | 8,379.00 | 6,300.10 | 3,915.60 | - | - | - | - | - | - | 27,194.20 |
| ANNUITY FUND | $4.64 | $5.64 | $ per hour | 185.60 | 37.12 | 3,034.56 | 3,173.76 | 2,831.28 | 1,759.68 | - | - | - | - | - | - | 11,022.00 |
| APPRENTICE DC21 | $1.16 | $1.16 | $ per hour | 46.40 | 9.28 | 758.64 | 793.44 | 602.40 | 374.40 | - | - | - | - | - | - | 2,384.56 |
| INDUSTRY FUND | $0.20 | $0.20 | $ per hour | 8.00 | 1.60 | 130.80 | 136.80 | 100.40 | 62.40 | - | - | - | - | - | - | 440.00 |
| VACATION FUND | $2.00 | $2.00 | $ per hour | 80.00 | 16.00 | 1,308.00 | 1,368.00 | 1,004.00 | 624.00 | - | - | - | - | - | - | 4,400.00 |
| SCHOLARSHIP FUND | $0.10 | $0.10 | $ per hour | 4.00 | 0.80 | 65.40 | 68.40 | 50.20 | 31.20 | - | - | - | - | - | - | 220.00 |
| BENEVOLENT FUND | $0.03 | $0.05 | $ per hour | 1.20 | 0.24 | 19.62 | 20.52 | 25.10 | 15.60 | - | - | - | - | - | - | 82.28 |
| HRA FUND | $0.30 | $0.30 | $ per hour | 12.00 | 2.40 | 196.20 | 205.20 | 150.60 | 93.60 | - | - | - | - | - | - | 660.00 |
| DC21 LMF | $0.07 | $0.08 | $ per hour | 2.80 | 0.56 | 45.78 | 47.88 | 40.16 | 24.96 | - | - | - | - | - | - | 162.14 |
| DW FINISHER TARG | $1.41 | $1.41 | $ per hour | 56.40 | 11.28 | 922.14 | 964.44 | 707.82 | 439.92 | - | - | - | - | - | - | 3,102.00 |
| ORGANIZING | $0.07 | $0.07 | $ per hour | 2.80 | 0.56 | 45.78 | 47.88 | 35.14 | 21.84 | - | - | - | - | - | - | 154.00 |
| PAC FUND | $0.30 | $0.30 | $ per hour | 12.00 | 2.40 | 196.20 | 205.20 | 150.60 | 93.60 | - | - | - | - | - | - | 660.00 |
| ADMIN DUES / HOUR | $0.96 | $1.01 | $ per hour | 38.40 | 7.68 | 627.84 | 656.64 | 507.02 | 315.12 | - | - | - | - | - | - | 2,152.70 |
| DUES CHECK OFF | 3.59% | 3.59% | % of wages | 56.38 | 11.28 | 943.29 | 986.92 | 713.11 | 471.54 | - | - | - | - | - | - | 3,182.52 |
| TOTAL AMOUNT DUE | | | | 995.98 | 199.20 | 16,305.75 | 17,054.08 | 13,217.93 | 8,243.46 | - | - | - | - | - | - | 56,016.49 |

District Council 21 Employee Benefit Funds

EMPLOYER: Acoustics Plus, Inc.
ADDRESS: P.O. Box 262, Harleysville, PA 19438
CONTACT: Ms. Greta Luongo, CPA
PH NUMBER: 267-757-0720

REVIEW PERIOD: January 1, 2018 through June 30, 2019
AUDITOR: Maria Cooper

Reason For Deficiency (RFD):
A - Contributions are due for delinquent months March-June 2019

2019

## Contributions Due for Apprentice Tapers

| Name | SS Number | RFD | | JAN | FEB | MAR | APR | MAY | JUN | JUL | AUG | SEP | OCT | NOV | DEC | TOTAL |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Kosnoczki, Jake | xxx-xxx-0945 | A | HOURS | | | 88.00 | 192.00 | 16.00 | | | | | | | | 296.00 |
| | | | WAGES | | | 3,437.12 | 6,712.48 | 558.24 | | | | | | | | $ 10,687.84 |
| Mangle, Matthew | xxx-xxx-3718 | A | HOURS | | | | | | 64.00 | | | | | | | 64.00 |
| | | | WAGES | | | | | | 1,935.36 | | | | | | | $ 1,935.36 |
| | | | TOTAL HOURS | | | 88.00 | 192.00 | 16.00 | 64.00 | | | | | | | 360.00 |
| | | | TOTAL WAGES | $ - | $ - | 3,437.12 | 6,712.48 | 558.24 | 1,935.36 | $ - | $ - | $ - | $ - | $ - | $ - | $ 12,623.20 |

### Amount Due

| FUNDS | RATES = 6/1/18 = | = 5/1/19 = | JAN | FEB | MAR | APR | MAY | JUN | JUL | AUG | SEP | OCT | NOV | DEC | TOTAL |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| HEALTH & WELFARE | $11.10 per hour | $11.40 | | | 976.80 | 2,131.20 | 182.40 | 729.60 | | | | | | | $ 4,020.00 |
| ANNUITY FUND | $2.00 per hour | $2.00 | | | 176.00 | 384.00 | 32.00 | 128.00 | | | | | | | $ 720.00 |
| APPRENTICE DC21 | $1.08 per hour | $1.12 | | | 95.04 | 207.36 | 17.92 | 71.68 | | | | | | | $ 392.00 |
| INDUSTRY FUND | $0.20 per hour | $0.20 | | | 17.60 | 38.40 | 3.20 | 12.80 | | | | | | | $ 72.00 |
| VACATION FUND | $2.00 per hour | $2.00 | | | 176.00 | 384.00 | 32.00 | 128.00 | | | | | | | $ 720.00 |
| SCHOLARSHIP FUND | $0.10 per hour | $0.10 | | | 8.80 | 19.20 | 1.60 | 6.40 | | | | | | | $ 36.00 |
| BENEVOLENT FUND | $0.03 per hour | $0.05 | | | 2.64 | 5.76 | 0.80 | 3.20 | | | | | | | $ 12.40 |
| HRA FUND | $0.30 per hour | $0.30 | | | 26.40 | 57.60 | 4.80 | 19.20 | | | | | | | $ 108.00 |
| DC21 LMF | $0.07 per hour | $0.08 | | | 6.16 | 13.44 | 1.28 | 5.12 | | | | | | | $ 26.00 |
| DW FINISHER TARG | $0.00 per hour | $0.00 | | | - | - | - | - | | | | | | | $ - |
| ORGANIZING | $0.07 per hour | $0.07 | | | 6.16 | 13.44 | 1.12 | 4.48 | | | | | | | $ 25.20 |
| PAC FUND | $0.30 per hour | $0.30 | | | 26.40 | 57.60 | 4.80 | 19.20 | | | | | | | $ 108.00 |
| ADMIN DUES / HOUR | $0.61 | $0.62 | | | 53.68 | 117.12 | 9.92 | 39.68 | | | | | | | $ 220.40 |
| DUES CHECK OFF | 3.50% | 3.50% of wages | | | 120.30 | 234.94 | 18.84 | 67.74 | | | | | | | $ 441.82 |
| TOTAL AMOUNT DUE | | | $ - | $ - | 1,691.98 | 3,664.06 | 310.68 | 1,235.10 | $ - | $ - | $ - | $ - | $ - | $ - | $ 6,901.82 |

District Council 21 Employee Benefit Funds

EMPLOYER: Acoustics Plus, Inc.
ADDRESS: P.O. Box 262, Harleysville, PA 19438
CONTACT: Ms. Greta Luongo, CPA
PH NUMBER: 267-757-0720

REVIEW PERIOD: January 1, 2018 through June 30, 2019
AUDITOR: Maria Cooper

Reason For Deficiency (RFD):
B - Contributions due for Overtime hours paid but not reflected on the payroll.

2019

## Contributions Due for Journeymen Tapers–PHL

| Name | SS Number | RFD | | JAN | FEB | MAR | APR | MAY | JUN | JUL | AUG | SEP | OCT | NOV | DEC | TOTAL |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Gordon, William | 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 | B | HOURS | 8.00 | 14.00 | 4.00 | 4.00 | | | | | | | | | 30.00 |
| | | | WAGES | $ - | $ - | $ - | $ - | | | | | | | | | $ - |
| Perdura, Joseph | 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 | B | HOURS | | | | 6.00 | | | | | | | | | 6.00 |
| | | | WAGES | | | | $ - | | | | | | | | | $ - |
| | | TOTAL HOURS | | 8.00 | 14.00 | 4.00 | 10.00 | | | | | | | | | 36.00 |
| | | TOTAL WAGES | | $ - | $ - | $ - | $ - | | | | | | | | | $ - |

### Amount Due

| ***** FUNDS ***** | ** RATES ** | 5/1/19 | | JAN | FEB | MAR | APR | MAY | JUN | JUL | AUG | SEP | OCT | NOV | DEC | TOTAL |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| HEALTH & WELFARE | $12.25 | $12.55 | $ per hour | $ 98.00 | $ 171.50 | $ 49.00 | $ 122.50 | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ 441.00 |
| ANNUITY FUND | $4.64 | $3.64 | $ per hour | $ 37.12 | $ 64.96 | $ 18.56 | $ 46.40 | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ 167.04 |
| APPRENTICE DC21 | $1.16 | $1.20 | $ per hour | $ 9.28 | $ 16.24 | $ 4.64 | $ 11.60 | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ 41.76 |
| INDUSTRY FUND | $0.20 | $0.20 | $ per hour | $ 1.60 | $ 2.80 | $ 0.80 | $ 2.00 | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ 7.20 |
| VACATION FUND | $2.00 | $2.00 | $ per hour | $ 16.00 | $ 28.00 | $ 8.00 | $ 20.00 | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ 72.00 |
| SCHOLARSHIP FUND | $0.10 | $0.10 | $ per hour | $ 0.80 | $ 1.40 | $ 0.40 | $ 1.00 | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ 3.60 |
| BENEVOLENT FUND | $0.03 | $0.05 | $ per hour | $ 0.24 | $ 0.42 | $ 0.12 | $ 0.30 | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ 1.08 |
| HRA FUND | $0.30 | $0.30 | $ per hour | $ 2.40 | $ 4.20 | $ 1.20 | $ 3.00 | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ 10.80 |
| DC21 LMF | $0.07 | $0.08 | $ per hour | $ 0.56 | $ 0.98 | $ 0.28 | $ 0.70 | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ 2.52 |
| DW FINISHER TARG | $1.41 | $1.41 | $ per hour | $ 11.28 | $ 19.74 | $ 5.64 | $ 14.10 | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ 50.76 |
| ORGANIZING | $0.07 | $0.07 | $ per hour | $ 0.56 | $ 0.98 | $ 0.28 | $ 0.70 | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ 2.52 |
| PAC FUND | $0.30 | $0.30 | $ per hour | $ 2.40 | $ 4.20 | $ 1.20 | $ 3.00 | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ 10.80 |
| ADMIN DUES / HOUR | $0.96 | $1.01 | $ per hour | $ 7.68 | $ 13.44 | $ 3.84 | $ 9.60 | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ 34.56 |
| DUES CHECK OFF | 3.50% | 3.50% | % of wages | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| TOTAL AMOUNT | | | | $ 187.92 | $ 328.86 | $ 93.96 | $ 234.99 | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ 845.64 |

Case 2:20-cv-00440-CMR   Document 1   Filed 01/24/20   Page 52 of 84

# District Council 21 Employee Benefit Funds

EMPLOYER: Acoustics Plus, Inc.
ADDRESS: P.O. Box 262, Harleysville, PA 19438
CONTACT: Ms. Greta Luongo, CPA
PH NUMBER: 267-757-0720

REVIEW PERIOD: January 1, 2018 through June 30, 2019
AUDITOR: Marta Cooper

**Reason For Deficiency (RFD):**
B - Contributions due for Overtime hours paid but not reflected on the payroll.
C - Dues are to be remitted on hours paid

2018

## Contributions Due for Journeymen Tapers

| Name | SS Number | RFD | | JAN | FEB | MAR | APR | MAY | JUN | JUL | AUG | SEP | OCT | NOV | DEC | TOTAL |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Barlow, Jason | 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 | C | HOURS | | | | | | 4.00 | 4.00 | 9.50 | | | 4.00 | | 17.50 |
| | | | WAGES | | | | | | | | | | | | | $ - |
| Gordon, William | 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 | C | HOURS | | | | | | 4.00 | 4.00 | 37.50 | | 4.00 | | | 49.50 |
| | | | WAGES | | | | | | | | | | | | | $ - |
| Perdun, Joseph | 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 | C | HOURS | | | | | | | 4.00 | | | | | | 4.50 |
| | | | WAGES | | 0.50 | | | | | | | | | | | $ - |
| Romero, Fidel | 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 | C | HOURS | | | | | | | | 4.00 | | | | | 4.00 |
| | | | WAGES | | | | | | | | | | | | | $ - |
| TOTAL HOURS | | | | - | 0.50 | - | - | - | 4.00 | 12.00 | 51.00 | - | 4.00 | 4.00 | - | 75.50 |
| TOTAL WAGES | | | | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |

### Amount Due

| | | | | JAN | FEB | MAR | APR | MAY | JUN | JUL | AUG | SEP | OCT | NOV | DEC | TOTAL |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | $ - | $ 0.48 | $ - | $ - | $ - | $ 3.84 | $ 11.52 | $ 48.96 | $ - | $ 3.84 | $ 3.84 | $ - | $ 72.48 |
| TOTAL AMOUNT DUE | | | | $ - | $ 0.48 | $ - | $ - | $ - | $ 3.84 | $ 11.52 | $ 48.96 | $ - | $ 3.84 | $ 3.84 | $ - | $ 72.48 |

| FUNDS | RATES | 30/O/ | 50.18 |
|---|---|---|---|
| ADMIN DUES/ HOUR | $ per hour | $0.95 | $0.96 |
| | TOTAL AMOUNT DUE | $ - | |

District Council 21 Employee Benefit Funds

EMPLOYER: Acoustise Plus, Inc.
ADDRESS: P.O. Box 262, Harleysville, PA 19438
CONTACT: Ms. Greta Luongo, CPA
PH NUMBER: 267-757-0720

REVIEW PERIOD: January 1, 2018 through June 30, 2019
AUDITOR: Maria Cooper

Reason For Deficiency (RFD):
B - Contributions due for Overtime hours paid but not reflected on the payroll.
C - Dues are to be remitted on hours paid

2019

## Contributions Due for Journeymen Tapers

| Name | SS Number | RFD | | JAN | FEB | MAR | APR | MAY | JUN | JUL | AUG | SEP | OCT | NOV | DEC | TOTAL |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Barlow, Jason | 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 | C | HOURS | | 8.00 | 4.00 | | | | | | | | | | 12.00 |
| | | | WAGES | | | | | | | | | | | | | $ - |
| Gordon, William | 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 | C | HOURS | | | 3.00 | 2.00 | | | | | | | | | 5.00 |
| | | | WAGES | | | | | | | | | | | | | $ - |
| Perdum, Joseph | 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 | C | HOURS | | 4.00 | 4.00 | | | | | | | | | | 8.00 |
| | | | WAGES | | | | | | | | | | | | | $ - |
| Romero, Fidel | 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 | C | HOURS | | 8.00 | | | 4.00 | | | | | | | | 12.00 |
| | | | WAGES | | | | | | | | | | | | | $ - |
| | | | TOTAL HOURS | | 20.00 | 11.00 | 2.00 | 4.00 | | | | | | | | 37.00 |
| | | | TOTAL WAGES | $ - | | | | | | | | | | | | $ - |

| FUNDS | RATES | $10/16 | $50/19 | JAN | FEB | MAR | APR | MAY | JUN | JUL | AUG | SEP | OCT | NOV | DEC | TOTAL |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| ADMIN DUES / HOUR | $ per hour | $0.96 | $1.01 | | | | | | | | | | | | | |
| | | | HOURS | $ - | 19.20 | 10.56 | 1.92 | 4.04 | | | | | | | | 35.72 |
| | | | WAGES | | | | | | | | | | | | | |
| | | | TOTAL AMOUNT DUE | $ - | 19.20 | 10.56 | 1.92 | 4.04 | | | | | | | | 35.72 |

Amount Due

## Contributions Due for Journeymen Tapers

| Name | SS Number | RFD | | JAN | FEB | MAR | APR | MAY | JUN | JUL | AUG | SEP | OCT | NOV | DEC | TOTAL |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Gordon, William | 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 | B C | HOURS | 4.00 | 7.00 | 2.00 | 2.00 | | | | | | | | | 15.00 |
| | | | WAGES | | | | | | | | | | | | | $ - |
| Perdum, Joseph | 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 | B C | HOURS | | | | 3.00 | | | | | | | | | 3.00 |
| | | | WAGES | | | | | | | | | | | | | $ - |
| | | | TOTAL HOURS | 4.00 | 7.00 | 2.00 | 5.00 | | | | | | | | | 18.00 |
| | | | TOTAL WAGES | $ - | | | | | | | | | | | | $ - |

| FUNDS | RATES | $10/16 | $50/19 | JAN | FEB | MAR | APR | MAY | JUN | JUL | AUG | SEP | OCT | NOV | DEC | TOTAL |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| ADMIN DUES / HOUR | $ per hour | $0.96 | $1.01 | 3.84 | 6.72 | 1.92 | 4.80 | | | | | | | | | 17.28 |
| | | | TOTAL AMOUNT DUE | 3.84 | 6.72 | 1.92 | 4.80 | | | | | | | | | 17.28 |

Amount Due

## Contributions Due for Apprentice Tapers

| Name | SS Number | RFD | | JAN | FEB | MAR | APR | MAY | JUN | JUL | AUG | SEP | OCT | NOV | DEC | TOTAL |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Konieczki, Jake | xxx-xx-6945 | B | HOURS | | | 4.00 | 4.00 | | | | | | | | | 8.00 |
| | | | WAGES | | | | | | | | | | | | | $ - |
| | | | TOTAL HOURS | | | 4.00 | 4.00 | | | | | | | | | 8.00 |
| | | | TOTAL WAGES | | | | | | | | | | | | | $ - |

| | | | | JAN | FEB | MAR | APR | MAY | JUN | JUL | AUG | SEP | OCT | NOV | DEC | TOTAL |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| ADMIN DUES / HOUR | $ per hour | $0.61 | $0.62 | | | 2.44 | 2.44 | | | | | | | | | 4.88 |
| | | | TOTAL AMOUNT DUE | $ - | | 2.44 | 2.44 | | | | | | | | | 4.88 |

Amount Due

LAW OFFICES

# SPEAR WILDERMAN

*A Professional Corporation*
SUITE 1400, 230 SOUTH BROAD STREET, PHILADELPHIA, PA 19102
TEL (215) 732-0101  FAX (215) 732-7790

WARREN J. BORISH*
SAMUEL L. SPEAR
JAMES F. RUNCKEL
CHARLES T. JOYCE*
BENJAMIN EISNER◊
WENDY CHIERICI*
JAMES KATZ*
MARTIN W MILZ*
LOIS GARBER SCHWARTZ*
NICHOLAS J. BOTTA*
SYRETTA J. MARTIN*
MELISSA A. LOVETT
F TIGHE BURNS*
THEODORE P. DiMUZIO
CHRISTOPHER R. STOCKTON†
SARAH LEAH TARLOW††
CHRISTOPHER G. CASSIE*

PA BAR EXCEPT:
†  NJ BAR
*  PA & NJ BAR
◊  PA, NJ & DC BAR
††  PA & NY BAR

NJ OFFICE
1040 N. KINGS HIGHWAY
SUITE 202
CHERRY HILL, NJ 08034
(856) 482-8799 FAX (856) 482-0343

BRUCE E. ENDY
RETIRED, 2017

IRA SILVERSTEIN
OF COUNSEL

LEONARD SPEAR
1923 – 2003

LOUIS H. WILDERMAN
1909 - 1993



September 18, 2019

*Via Certified Mail RRR & Email <fhercker@acousticsplusinc.com>*

Acoustics Plus, Inc.
Attn: Jack Ebert & Frank Hercker
725 Morwood Road
Telford, PA 18969

> **RE:  IUPAT District Council No. 21 of Philadelphia Employee Benefit Funds ("Funds") - Delinquent Contributions – <u>Fourth and Final Notice</u>**

Dear Sirs:

Please be advised that this office is co-counsel for the above-referenced Funds.

We have been advised that Acoustics Plus, Inc. (hereinafter, the "Company") has failed to timely submit remittance reports and/or contributions for the period of December 2016 through June 2019. As a result, the Funds believe the delinquent amount owed for the Company's history of untimely contribution payment and/or reporting during this period to be **$8,799.63**, consisting of interest in the amount of $549.63 and liquidated damages in the amount of $8,250.00. Also, please remit the Company's contribution reports that are due for the periods of July 2019 through September 2019.

In addition, the Funds conducted a payroll audit of the Company, which covered the period of January 1, 2018 through June 30, 2019. The audit determined that the Company owes the Funds an additional sum of **$78,370.90**, consisting of unpaid fringe benefit contributions incurred in the amount of $63,894.22, interest through the present in the amount of $811.71, liquidated damages in the amount of $12,778.84, and the cost of audit for the amount of $886.13. A copy of the audit is attached to this letter.

Acoustics Plus, Inc.
September 18, 2019
Page 2

Together, the Company owes the Funds the total sum of <u>$87,170.53.</u>

Finally, as Article 12 of the CBA states, a signatory employer is required to post a security bond or a letter of credit with the Funds for employees for whom it pays benefit contributions. Therefore, please provide proof of a wage and payment bond to the Funds in the amount of **$40,000.00.**

The Company's failure to remit the reports and/or contributions when due, and to provide proof of bond, constitutes a violation of both the collective bargaining agreement and federal law. The Employee Retirement Income Security Act of 1974 (ERISA) provides for civil remedies and damages in such a situation.

The Trustees of the Funds have a fiduciary obligation to pursue the recovery of the delinquent amount owed and to ensure that contributing employers provide appropriate contribution security through provision of wage and payment bonding. Accordingly, please be advised that legal action will be taken unless this matter is resolved within **ten (10) business days** from the date of this letter. *Should the Company fail to cure its delinquencies <u>and</u> provide proof of wage and payment bond, a complaint shall be filed against the Company. The Company shall then be responsible to the Funds for additional liquidated damages in the amount of $15,633.92, and any and all attorney's fees and costs associated with the filing.* We urge the Company to take immediate action by providing a wage and payment bond in the amount of <u>$40,000.00,</u> **and** paying the arrearages owed by making payment in the amount of <u>$87,170.53</u> to the Funds.

If you have any questions, please contact me at (215) 732-0101. Thank you.

Sincerely,

Syretta J. Martin, Esquire

Enclosure
cc:    Brian Smith, Delinquency Controller (via e-mail)

**District Council 21 Employee Benefit Funds**

<u>PAYROLL COMPLIANCE REVIEW</u>

**<u>REPORT</u>**

EMPLOYER:      Acoustics Plus, Inc.

ADDRESS:      P.O. Box 262, Harleysville, PA  19438

DATE PAYROLL REVIEW COMPLETED:    July 24, 2019

REVIEW PERIOD:  January 1, 2018 through June 30, 2019

EMPLOYER REPRESENTATIVE, IF ANY, PRESENT AT THE TIME OF
THE PAYROLL REVIEW:      Ms. Greta Luongo, CPA

LOCATION OF EXAMINATION:  Perry Blackman CPA
                                      506 Corporate Drive West, Langhorne, PA  19047

DOES THE EMPLOYER PAY CONTRIBUTIONS ON:

| | | |
|---|---|---|
| Non Bargaining Unit Employees: | No | If yes, is there a Participation agreement? |
| Owner/Operator: | No | If yes, is there an Owner/Operator agreement? |

RESULTS OF PAYROLL COMPLIANCE REVIEW:

    A - Contributions are due for delinquent months March-June 2019
    B - Contributions due for Overtime hours paid but not reflected on the payroll.
    C - Dues are to be remitted on hours paid

**District Council 21 Employee Benefit Funds**

<u>PAYROLL COMPLIANCE REVIEW</u>

<u>SUMMARY</u>

EMPLOYER:    Acoustics Plus, Inc.

REVIEW PERIOD:   January 1, 2018 through June 30, 2019

| | | 2018 | | 2019 | | TOTAL |
|---|---|---|---|---|---|---|
| Health & Welfare | $ | - | $ | 31,655.20 | $ | 31,655.20 |
| Annuity Fund | | - | | 11,909.04 | | 11,909.04 |
| Apprentice DC21 | | - | | 3,018.32 | | 3,018.32 |
| Industry Advancement | | - | | 519.20 | | 519.20 |
| Vacation Fund | | - | | 5,192.00 | | 5,192.00 |
| Scholarship Fund | | - | | 259.60 | | 259.60 |
| Benevolent Fund | | - | | 95.76 | | 95.76 |
| HRA Fund | | - | | 778.80 | | 778.80 |
| DC21 LMF | | - | | 190.66 | | 190.66 |
| Drywall Finisher Target Fund | | - | | 3,152.76 | | 3,152.76 |
| Organizing Fund | | - | | 181.72 | | 181.72 |
| PAC Fund | | - | | 778.80 | | 778.80 |
| Dues / hour | | 72.48 | | 2,465.54 | | 2,538.02 |
| Dues % of Wages | | - | | 3,624.34 | | 3,624.34 |
| **TOTAL CONTRIB. DUE:** | $ | 72.48 | $ | 63,821.74 | $ | 63,894.22 |
| Interest | | 5.09 | | 325.23 | | 330.32 |
| *Liquidated Damages** | | 14.50 | | 12,764.35 | | 12,778.84 |
| Cost of Audit | | | | | | 886.13 |
| **TOTAL AMOUNT DUE:** | | | | | $ | 77,889.51 |

*Please note Liquidated Damages may be due if payment of Principle, Interest and Cost of Audit (if applicable)
is not received within 15 days after notification from Fund Office.*

**District Council 21 Employee Benefit Funds**

EMPLOYER: Acoustics Plus, Inc.
ADDRESS: P.O. Box 262, Harleysville, PA 19438
CONTACT: Ms. Greta Luongo, CPA
PH NUMBER: 267-757-0720

REVIEW PERIOD: January 1, 2018 through June 30, 2019
AUDITOR: Marin Cooper

Reason For Deficiency (RFD):
A - Contributions are due for delinquent months March-June 2019

2019

## Contributions Due for Journeymen Tapers-PHL

| Name | SS Number | RFD | | JAN | FEB | MAR | APR | MAY | JUN | JUL | AUG | SEP | OCT | NOV | DEC | TOTAL |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Barlow, Jason | 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 | A | HOURS | | | 152.00 | 120.00 | 78.00 | | | | | | | | 350.00 |
| | | | WAGES | | | $6,126.12 | $4,712.40 | $3,063.06 | | | | | | | | $13,901.58 |
| Gordon, William | 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 | A | HOURS | | 8.00 | 166.00 | 204.00 | 104.00 | | | | | | | | 482.00 |
| | | | WAGES | | $322.16 | $7,047.25 | $8,537.24 | $4,188.08 | | | | | | | | $20,094.73 |
| Ferduan, Joseph | 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 | A | HOURS | | | 168.00 | 168.00 | 152.00 | 128.00 | | | | | | | 616.00 |
| | | | WAGES | | | $7,012.44 | $7,216.39 | $6,197.04 | $5,591.08 | | | | | | | $26,016.85 |
| Romero, Fidel | 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 | A | HOURS | 40.00 | | 168.00 | 192.00 | 168.00 | 184.00 | | | | | | | 752.00 |
| | | | WAGES | $1,610.80 | | $6,765.36 | $7,731.84 | $6,926.44 | $7,881.36 | | | | | | | $30,915.80 |
| TOTAL HOURS | | | | 40.00 | 8.00 | 654.00 | 684.00 | 502.00 | 312.00 | - | - | - | - | - | - | 2,200.00 |
| TOTAL WAGES | | | | $1,610.80 | $322.16 | $26,951.17 | $28,197.77 | $20,374.62 | $13,472.44 | $ - | $ - | $ - | $ - | $ - | $ - | $90,928.96 |

## Amount Due

*** */DNSP = **** R/FES = * 5.07%/8* = * 5.07%9* = *

| Fund | Unit | Rate (5.07%/8) | Rate (5.07%/9) | JAN | FEB | MAR | APR | MAY | JUN | JUL | AUG | SEP | OCT | NOV | DEC | TOTAL |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| HEALTH & WELFARE | $ per hour | $12.25 | $13.55 | $490.00 | $98.00 | $8,011.50 | $8,379.00 | $6,300.10 | $3,915.60 | $ - | $ - | $ - | $ - | $ - | $ - | $27,194.20 |
| ANNUITY FUND | $ per hour | $4.64 | $5.64 | $185.60 | $37.12 | $3,034.56 | $3,173.76 | $2,831.28 | $1,759.68 | $ - | $ - | $ - | $ - | $ - | $ - | $11,022.00 |
| APPRENTICE DC21 | $ per hour | $1.16 | $1.20 | $46.40 | $9.28 | $758.64 | $793.44 | $602.40 | $374.40 | $ - | $ - | $ - | $ - | $ - | $ - | $2,584.56 |
| INDUSTRY FUND | $ per hour | $0.20 | $0.20 | $8.00 | $1.60 | $130.80 | $136.80 | $100.40 | $62.40 | $ - | $ - | $ - | $ - | $ - | $ - | $440.00 |
| VACATION FUND | $ per hour | $2.00 | $2.00 | $80.00 | $16.00 | $1,308.00 | $1,368.00 | $1,004.00 | $624.00 | $ - | $ - | $ - | $ - | $ - | $ - | $4,400.00 |
| SCHOLARSHIP FUND | $ per hour | $0.10 | $0.10 | $4.00 | $0.80 | $65.40 | $68.40 | $50.20 | $31.20 | $ - | $ - | $ - | $ - | $ - | $ - | $220.00 |
| BENEVOLENT FUND | $ per hour | $0.05 | $0.05 | $1.20 | $0.24 | $19.62 | $20.52 | $25.10 | $15.60 | $ - | $ - | $ - | $ - | $ - | $ - | $82.28 |
| IRRA FUND | $ per hour | $0.30 | $0.30 | $12.00 | $2.40 | $196.20 | $205.20 | $150.60 | $93.60 | $ - | $ - | $ - | $ - | $ - | $ - | $660.00 |
| DC21 LMF | $ per hour | $0.07 | $0.08 | $2.80 | $0.56 | $45.78 | $47.88 | $40.16 | $24.96 | $ - | $ - | $ - | $ - | $ - | $ - | $162.14 |
| DW FINISHER TARG | $ per hour | $1.41 | $1.41 | $56.40 | $11.28 | $922.14 | $964.44 | $707.82 | $439.92 | $ - | $ - | $ - | $ - | $ - | $ - | $3,102.00 |
| ORGANIZING | $ per hour | $0.07 | $0.07 | $2.80 | $0.56 | $45.78 | $47.88 | $35.14 | $21.84 | $ - | $ - | $ - | $ - | $ - | $ - | $154.00 |
| PAC FUND | $ per hour | $0.30 | $0.30 | $12.00 | $2.40 | $196.20 | $205.20 | $150.60 | $93.60 | $ - | $ - | $ - | $ - | $ - | $ - | $660.00 |
| ADMIN DUES / HOUR | $ per hour | $0.96 | $1.01 | $38.40 | $7.68 | $627.84 | $656.64 | $507.02 | $315.12 | $ - | $ - | $ - | $ - | $ - | $ - | $2,152.70 |
| DUES CHECK OFF | % of wages | 3.50% | 3.50% | $56.38 | $11.28 | $943.29 | $986.92 | $713.11 | $471.54 | $ - | $ - | $ - | $ - | $ - | $ - | $3,182.52 |
| TOTAL AMOUNT DUE | | | | $995.98 | $199.20 | $16,305.75 | $17,054.08 | $13,217.93 | $8,243.46 | $ - | $ - | $ - | $ - | $ - | $ - | $56,016.40 |

District Council 21 Employee Benefit Funds

EMPLOYER: Acoustics Plus, Inc.
ADDRESS: P.O. Box 262, Harleysville, PA 19438
CONTACT: Ms. Greta Luongo, CPA
PH NUMBER: 267-757-0720

REVIEW PERIOD: January 1, 2018 through June 30, 2019
AUDITOR: Maria Cooper

Reason For Deficiency (RFD):
A - Contributions are due for delinquent months March-June 2019

2019

Contributions Due for Apprentice Tapers

| Name | SS Number | RFD | | | JAN | FEB | MAR | APR | MAY | JUN | JUL | AUG | SEP | OCT | NOV | DEC | TOTAL |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Koniecski, Jake | xxx-xx-0945 | A | HOURS | | | | 88.00 | 192.00 | 16.00 | | | | | | | | | 296.00 |
| | | | WAGES | | | | $ 3,437.12 | $ 6,712.48 | $ 538.24 | | | | | | | | | $ 10,687.84 |
| Marple, Matthew | xxx-xx-3718 | A | HOURS | | | | | | | 64.00 | | | | | | | | 64.00 |
| | | | WAGES | | | | | | | $ 1,935.36 | | | | | | | | $ 1,935.36 |
| | | | TOTAL HOURS | | | | 88.00 | 192.00 | 16.00 | 64.00 | - | - | - | - | - | - | | 368.00 |
| | | | TOTAL WAGES | $ - | $ - | | $ 3,437.12 | $ 6,712.48 | $ 538.24 | $ 1,935.36 | $ - | $ - | $ - | $ - | $ - | $ - | | $ 12,623.20 |

Amount Due

| ===== FUNDS ===== | RATES = | RFD | | $/HR = | | JAN | FEB | MAR | APR | MAY | JUN | JUL | AUG | SEP | OCT | NOV | DEC | TOTAL |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| HEALTH & WELFARE | $ per hour | $11.10 | $11.40 | | | | | $ 976.80 | $ 2,131.20 | $ 182.40 | $ 729.60 | $ - | $ - | $ - | $ - | $ - | $ - | $ 4,020.00 |
| ANNUITY FUND | $ per hour | $2.00 | $2.00 | | | | | $ 176.00 | $ 384.00 | $ 32.00 | $ 128.00 | $ - | $ - | $ - | $ - | $ - | $ - | $ 720.00 |
| APPRENTICE DC21 | $ per hour | $1.08 | $1.12 | | | | | $ 95.04 | $ 207.36 | $ 17.92 | $ 71.68 | $ - | $ - | $ - | $ - | $ - | $ - | $ 392.00 |
| INDUSTRY FUND | $ per hour | $0.20 | $0.20 | | | | | $ 17.60 | $ 38.40 | $ 3.20 | $ 12.80 | $ - | $ - | $ - | $ - | $ - | $ - | $ 72.00 |
| VACATION FUND | $ per hour | $2.00 | $2.00 | | | | | $ 176.00 | $ 384.00 | $ 32.00 | $ 128.00 | $ - | $ - | $ - | $ - | $ - | $ - | $ 720.00 |
| SCHOLARSHIP FUND | $ per hour | $0.10 | $0.10 | | | | | $ 8.80 | $ 19.20 | $ 1.60 | $ 6.40 | $ - | $ - | $ - | $ - | $ - | $ - | $ 36.00 |
| BENEVOLENT FUND | $ per hour | $0.03 | $0.05 | | | | | $ 2.64 | $ 5.76 | $ 0.80 | $ 3.20 | $ - | $ - | $ - | $ - | $ - | $ - | $ 12.40 |
| HRA FUND | $ per hour | $0.30 | $0.30 | | | | | $ 26.40 | $ 57.60 | $ 4.80 | $ 19.20 | $ - | $ - | $ - | $ - | $ - | $ - | $ 108.00 |
| DC21 LMF | $ per hour | $0.07 | $0.08 | | | | | $ 6.16 | $ 13.44 | $ 1.28 | $ 5.12 | $ - | $ - | $ - | $ - | $ - | $ - | $ 26.00 |
| DW FINISHER TARG | $ per hour | $0.00 | $0.00 | | | | | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| ORGANIZING | $ per hour | $0.07 | $0.07 | | | | | $ 6.16 | $ 13.44 | $ 1.12 | $ 4.48 | $ - | $ - | $ - | $ - | $ - | $ - | $ 25.20 |
| PAC FUND | $ per hour | $0.30 | $0.30 | | | | | $ 26.40 | $ 57.60 | $ 4.80 | $ 19.20 | $ - | $ - | $ - | $ - | $ - | $ - | $ 108.00 |
| ADMIN DUES / HOUR | $ per hour | $0.61 | $0.62 | | | | | $ 53.68 | $ 117.12 | $ 9.92 | $ 39.68 | $ - | $ - | $ - | $ - | $ - | $ - | $ 220.40 |
| DUES CHECK OFF | % of wages | 3.50% | 3.50% | | | | | $ 120.30 | $ 234.94 | $ 18.84 | $ 67.74 | $ - | $ - | $ - | $ - | $ - | $ - | $ 441.82 |
| | | TOTAL AMOUNT DUE | | $ - | $ - | | $ 1,691.98 | $ 3,664.06 | $ 310.68 | $ 1,235.10 | $ - | $ - | $ - | $ - | $ - | $ - | | $ 6,901.82 |

**District Council 21 Employee Benefit Funds**

EMPLOYER: Acoustics Plus, Inc.
ADDRESS: P.O. Box 262, Harleysville, PA 19438
CONTACT: Ms. Greta Luongo, CPA
PH NUMBER: 267-757-0720

REVIEW PERIOD: January 1, 2018 through June 30, 2019
AUDITOR: Maria Cooper

**Reason For Deficiency (RFD):**
B - Contributions due for Overtime hours paid but not reflected on the payroll.

2019

Contributions Due for Journeymen Tapers-PHL

| Name | SS Number | RFD | | JAN | FEB | MAR | APR | MAY | JUN | JUL | AUG | SEP | OCT | NOV | DEC | TOTAL |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Gordon, William | 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 | B | HOURS | 8.00 | 14.00 | 4.00 | 4.00 | | | | | | | | | 30.00 |
| | | | WAGES | | | | | | | | | | | | | $  -   |
| Perdamo, Joseph | 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 | B | HOURS | | | | 6.00 | | | | | | | | | 6.00 |
| | | | WAGES | | | | | | | | | | | | | $  -   |
| TOTAL HOURS | | | | 8.00 | 14.00 | 4.00 | 10.00 | | | | | | | | | 36.00 |
| TOTAL WAGES | | | | $  - | $  - | $  - | $  - | $  - | $  - | $  - | $  - | $  - | $  - | $  - | $  - | $  -   |

Amount Due

| ****$/FUNDS**** | RATES ***** **** | $/HR   $/HR | JAN | FEB | MAR | APR | MAY | JUN | JUL | AUG | SEP | OCT | NOV | DEC | TOTAL |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| HEALTH & WELFARE | $ per hour | $12.25  $12.55 | 98.00 | 171.50 | 49.00 | 122.50 | $  - | $  - | $  - | $  - | $  - | $  - | $  - | $  - | 441.00 |
| ANNUITY FUND | $ per hour | $4.64  $5.64 | 37.12 | 64.96 | 18.56 | 46.40 | $  - | $  - | $  - | $  - | $  - | $  - | $  - | $  - | 167.04 |
| APPRENTICE DC21 | $ per hour | $1.16  $1.20 | 9.28 | 16.24 | 4.64 | 11.60 | $  - | $  - | $  - | $  - | $  - | $  - | $  - | $  - | 41.76 |
| INDUSTRY FUND | $ per hour | $0.20  $0.20 | 1.60 | 2.80 | 0.80 | 2.00 | $  - | $  - | $  - | $  - | $  - | $  - | $  - | $  - | 7.20 |
| VACATION FUND | $ per hour | $2.00  $2.00 | 16.00 | 28.00 | 8.00 | 20.00 | $  - | $  - | $  - | $  - | $  - | $  - | $  - | $  - | 72.00 |
| SCHOLARSHIP FUND | $ per hour | $0.10  $0.10 | 0.80 | 1.40 | 0.40 | 1.00 | $  - | $  - | $  - | $  - | $  - | $  - | $  - | $  - | 3.60 |
| BENEVOLENT FUND | $ per hour | $0.03  $0.05 | 0.24 | 0.42 | 0.12 | 0.30 | $  - | $  - | $  - | $  - | $  - | $  - | $  - | $  - | 1.08 |
| IBRA FUND | $ per hour | $0.30  $0.30 | 2.40 | 4.20 | 1.20 | 3.00 | $  - | $  - | $  - | $  - | $  - | $  - | $  - | $  - | 10.80 |
| DC21 LMF | $ per hour | $0.07  $0.08 | 0.56 | 0.98 | 0.28 | 0.70 | $  - | $  - | $  - | $  - | $  - | $  - | $  - | $  - | 2.52 |
| DW FINISHER TARG | $ per hour | $1.41  $1.41 | 11.28 | 19.74 | 5.64 | 14.10 | $  - | $  - | $  - | $  - | $  - | $  - | $  - | $  - | 50.76 |
| ORGANIZING | $ per hour | $0.07  $0.07 | 0.56 | 0.98 | 0.28 | 0.70 | $  - | $  - | $  - | $  - | $  - | $  - | $  - | $  - | 2.52 |
| PAC FUND | $ per hour | $0.30  $0.30 | 2.40 | 4.20 | 1.20 | 3.00 | $  - | $  - | $  - | $  - | $  - | $  - | $  - | $  - | 10.80 |
| ADMIN DUES / HOUR | $ per hour | $0.96  $1.01 | 7.68 | 13.44 | 3.84 | 9.60 | $  - | $  - | $  - | $  - | $  - | $  - | $  - | $  - | 34.56 |
| DUES CHECK OFF | % of wages | 3.50%  3.50% | - | - | - | - | $  - | $  - | $  - | $  - | $  - | $  - | $  - | $  - | -   |
| TOTAL AMOUNT | | | $187.92 | $328.86 | $93.96 | $234.90 | $  - | $  - | $  - | $  - | $  - | $  - | $  - | $  - | $845.64 |

District Council 21 Employee Benefit Funds

EMPLOYER: Acoustics Plus, Inc.
ADDRESS: P.O. Box 262, Harleysville, PA 19438
CONTACT: Ms. Grast Laongpo, CPA
PH NUMBER: 267-757-0720

REVIEW PERIOD: January 1, 2018 through June 30, 2019
AUDITOR: Marra Cooper

**Reason For Deficiency (RFD):**
B - Contributions due for Overtime hours paid but not reflected on the payroll.
C - Dues are to be remitted on hours paid

2018

## Contributions Due for Journeymen Tapers

| Name | SS Number | RFD | | JAN | FEB | MAR | APR | MAY | JUN | JUL | AUG | SEP | OCT | NOV | DEC | TOTAL |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Barlow, Jason | 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 | C | HOURS | | | | | | 4.00 | 4.00 | 9.50 | | | | | 17.50 |
| | | | WAGES | | | | | | | | | | | | | $  - |
| Gordon, William | 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 | C | HOURS | | | | | | 4.00 | 4.00 | 37.50 | | 4.00 | | | 49.50 |
| | | | WAGES | | | | | | | | | | | | | $  - |
| Perduta, Joseph | 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 | C | HOURS | | 0.50 | | | | | 4.00 | | | | | | 4.50 |
| | | | WAGES | | | | | | | | | | | | | $  - |
| Roseco, Fidel | 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 | C | HOURS | | | | | | | | 4.00 | | | | | 4.00 |
| | | | WAGES | | | | | | | | | | | | | $  - |
| TOTAL HOURS | | | | - | 0.50 | - | - | - | 4.00 | 12.00 | 51.00 | - | 4.00 | 4.00 | - | 75.50 |
| TOTAL WAGES | | | | $  - | $  - | $  - | $  - | $  - | $  - | $  - | $  - | $  - | $  - | $  - | $  - | $  - |

**Amount Due**

| | | | | JAN | FEB | MAR | APR | MAY | JUN | JUL | AUG | SEP | OCT | NOV | DEC | TOTAL |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | $  - | $ 0.48 | $  - | $  - | $  - | $ 3.84 | $ 11.52 | $ 48.96 | $  - | $ 3.84 | $ 3.84 | $  - | $ 72.48 |
| | | | | $  - | $ 0.48 | $  - | $  - | $  - | $ 3.84 | $ 11.52 | $ 48.96 | $  - | $ 3.84 | $ 3.84 | $  - | $ 72.48 |

| FUNDS | RATES | 5/07 | 1 - 5/08 |
|---|---|---|---|
| ADMIN DUES / HOUR | $ per hour | $0.95 | $0.96 | $1.08 |
| TOTAL AMOUNT DUE | | $0.95 | $0.96 | $1.08 |

District Council 21 Employee Benefit Funds

EMPLOYER: Acoustics Plus, Inc.
ADDRESS: P.O. Box 262, Hatfersville, PA 19438
CONTACT: Ms. Greta Luengo, CPA
PH NUMBER: 267-757-0720

REVIEW PERIOD: January 1, 2018 through June 30, 2019
AUDITOR: Maria Cooper

Reason For Deficiency (RFD):
B - Contributions due for Overtime hours paid but not reflected on the payroll.
C - Dues are to be remitted on hours paid

2019

## Contributions Due for Journeymen Tapers

| Name | SS Number | RFD | | JAN | FEB | MAR | APR | MAY | JUN | JUL | AUG | SEP | OCT | NOV | DEC | TOTAL |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Bartlow, Jason | 206-xx-7001 | C | HOURS | | 8.00 | 4.00 | | | | | | | | | | 12.00 |
| | | | WAGES | | | | | | | | | | | | | $ - |
| Gordon, William | 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 | C | HOURS | | | 3.00 | 2.00 | | | | | | | | | 5.00 |
| | | | WAGES | | | | | | | | | | | | | $ - |
| Perdum, Joseph | 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 | C | HOURS | | 4.00 | 4.00 | | | | | | | | | | 8.00 |
| | | | WAGES | | | | | | | | | | | | | $ - |
| Romeu, Fidel | 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 | C | HOURS | | 8.00 | | | 4.00 | | | | | | | | 12.00 |
| | | | WAGES | | | | | | | | | | | | | $ - |
| | | | TOTAL HOURS | - | 20.00 | 11.00 | 2.00 | 4.00 | - | - | - | - | - | - | - | 37.00 |
| | | | TOTAL WAGES | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |

| FUNDS: | RATES: | $/HR | $/HR | JAN | FEB | MAR | APR | MAY | JUN | JUL | AUG | SEP | OCT | NOV | DEC | TOTAL |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| ADMIN DUES / HOUR | $ per hour | $0.96 | $1.01 | $ - | $ 19.20 | $ 10.56 | $ 1.92 | $ 4.04 | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ 35.72 |
| | | TOTAL AMOUNT DUE | $ - | $ - | $ 19.20 | $ 10.56 | $ 1.92 | $ 4.04 | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ 35.72 |

Amount Due

## Contributions Due for Journeymen Tapers

| Name | SS Number | RFD | | JAN | FEB | MAR | APR | MAY | JUN | JUL | AUG | SEP | OCT | NOV | DEC | TOTAL |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Gordon, William | 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 | B C | HOURS | 4.00 | 7.00 | 2.00 | 2.00 | | | | | | | | | 15.00 |
| | | | WAGES | | | | | | | | | | | | | $ - |
| Perdum, Joseph | 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 | B C | HOURS | | | | 3.00 | | | | | | | | | 3.00 |
| | | | WAGES | | | | | | | | | | | | | $ - |
| | | | TOTAL HOURS | 4.00 | 7.00 | 2.00 | 5.00 | - | - | - | - | - | - | - | - | 18.00 |
| | | | TOTAL WAGES | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |

| FUNDS: | RATES: | $/HR | $/HR | JAN | FEB | MAR | APR | MAY | JUN | JUL | AUG | SEP | OCT | NOV | DEC | TOTAL |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| ADMIN DUES / HOUR | $ per hour | $0.96 | $1.01 | $ 3.84 | $ 6.72 | $ 1.92 | $ 4.80 | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ 17.28 |
| | | TOTAL AMOUNT DUE | $ 3.84 | $ 6.72 | $ 1.92 | $ 4.80 | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ 17.28 |

Amount Due

## Contributions Due for Apprentice Tapers

| Name | SS Number | RFD | | JAN | FEB | MAR | APR | MAY | JUN | JUL | AUG | SEP | OCT | NOV | DEC | TOTAL |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Konieczki, Jake | xxx-xx-0945 | B | HOURS | | | 4.00 | 4.00 | | | | | | | | | 8.00 |
| | | | WAGES | | | | | | | | | | | | | $ - |
| | | | TOTAL HOURS | - | - | 4.00 | 4.00 | - | - | - | - | - | - | - | - | 8.00 |
| | | | TOTAL WAGES | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |

| | | $0.61 | $0.61 | JAN | FEB | MAR | APR | MAY | JUN | JUL | AUG | SEP | OCT | NOV | DEC | TOTAL |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| ADMIN DUES / HOUR | $ per hour | | | $ - | $ - | $ 2.44 | $ 2.44 | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ 4.88 |
| | | TOTAL AMOUNT DUE | $ - | $ - | $ 2.44 | $ 2.44 | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ 4.88 |

Amount Due

LAW OFFICES

# SPEAR WILDERMAN

*A Professional Corporation*
SUITE 1400, 230 SOUTH BROAD STREET, PHILADELPHIA, PA 19102
TEL (215) 732-0101   FAX (215) 732-7790

WARREN J. BORISH*
SAMUEL L. SPEAR
JAMES F. RUNCKEL
CHARLES T. JOYCE*
BENJAMIN EISNERO
WENDY CHIERICI*
JAMES KATZ*
MARTIN W. MILZ*
LOIS GARBER SCHWARTZ*
NICHOLAS J. BOTTA*
SYRETTA J. MARTIN*
MELISSA A. LOVETT
F. TIGHE BURNS*
THEODORE P. DiMUZIO
CHRISTOPHER R. STOCKTON†
SARAH LEAH TARLOW††
CHRISTOPHER G. CASSIE*

PA BAR EXCEPT:
†  NJ BAR
*  PA & NJ BAR
◊  PA, NJ & DC BAR
†† PA & NY BAR

NJ OFFICE
1040 N. KINGS HIGHWAY
SUITE 202
CHERRY HILL, NJ 08034
(856) 482-8799 FAX (856) 482-0343

BRUCE E. ENDY
RETIRED, 2017

IRA SILVERSTEIN
OF COUNSEL

LEONARD SPEAR
1923 – 2003

LOUIS H. WILDERMAN
1909 - 1993

May 23, 2019

***Via First-Class Mail & Email <bhercker@acousticsplusinc.com>***

Acoustics Plus, Inc.
Attn: Brian Hercker
P.O. Box 262
Harleysville, PA 19438

**RE:    IUPAT District Council No. 21 of Philadelphia Employee Benefit Funds
("Funds") - Delinquent Contributions – First Notice**

Dear Sir:

Please be advised that this office is co-counsel for the above-referenced Funds.

We have been advised that Acoustics Plus, Inc. (hereinafter, the "Company") has failed to timely submit remittance reports and/or contributions for the periods of May 2018 through March 2019. As a result, the Funds believe the delinquent amount owed to be **$4,896.04**, consisting of interest through the present in the amount of $146.04, and liquidated damages in the amount of $4,750.00.

Additionally, as Article 12 of the CBA states, a signatory employer is required to post a security bond or a letter of credit with the Funds for employees for whom it pays benefit contributions. Therefore, please provide proof of a wage and payment bond to the Funds in the amount of **$40,000.00.**

The Company's failure to remit the reports and/or contributions when due and to provide proof of bond constitutes a violation of both the collective bargaining agreement and federal law.



EXHIBIT
E

Acoustics Plus, Inc.
May 23, 2019
Page 2

The Employee Retirement Income Security Act of 1974 (ERISA) provides for civil remedies and damages in such a situation.

    The Trustees of the Funds have a fiduciary obligation to pursue the recovery of the delinquent amount owed. Accordingly, please be advised that legal action may be taken unless this matter is resolved within **ten (10) business days** from the date of this letter. *Should the Company fail to cure its delinquencies **and** provide proof of wage and payment bond, a complaint shall be filed against the Company. The Company shall then be responsible to the Funds for any and all attorney's fees and costs associated with the filing.* We urge the Company to take immediate action by providing proof of wage and payment bond in the amount of $40,000.00 and paying the arrearages owed by making payment in the amount of **$4,896.04** to the Funds.

    If you have any questions, please contact me at (215) 732-0101. Thank you.

        Sincerely,

        Syretta J. Martin, Esquire


cc:    Brian Smith, Delinquency Controller (via e-mail)

LAW OFFICES

# SPEAR WILDERMAN

*A Professional Corporation*
SUITE 1400, 230 SOUTH BROAD STREET, PHILADELPHIA, PA 19102
TEL (215) 732-0101   FAX (215) 732-7790

WARREN J. BORISH*
SAMUEL L. SPEAR
JAMES F. RUNCKEL
CHARLES T. JOYCE*
BENJAMIN EISNER◊
WENDY CHIERICI*
JAMES KATZ*
MARTIN W. MILZ*
LOIS GARBER SCHWARTZ*
NICHOLAS J BOTTA*
SYRETTA J MARTIN*
MELISSA A. LOVETT
F TIGHE BURNS*
THEODORE P. DiMUZIO
CHRISTOPHER R. STOCKTON†
SARAH LEAH TARLOW††
CHRISTOPHER G CASSIE*

PA BAR EXCEPT:
† NJ BAR
* PA & NJ BAR
◊ PA, NJ & DC BAR
†† PA & NY BAR

NJ OFFICE
1040 N. KINGS HIGHWAY
SUITE 202
CHERRY HILL, NJ 08034
(856) 482-8799 FAX (856) 482-0343

BRUCE E ENDY
RETIRED, 2017

IRA SILVERSTEIN
OF COUNSEL

LEONARD SPEAR
1923 – 2003

LOUIS H. WILDERMAN
1909 - 1993

June 11, 2019

*Via First-Class Mail & Email <bhercker@acousticsplusinc.com>*

Acoustics Plus, Inc.
Attn: Brian Hercker
P.O. Box 262
Harleysville, PA 19438

> **RE:** **IUPAT District Council No. 21 of Philadelphia Employee Benefit Funds ("Funds") - Delinquent Contributions – <u>Second and Final Notice</u>**

Dear Sir:

Please be advised that this office is co-counsel for the above-referenced Funds.

We have been advised that Acoustics Plus, Inc. (hereinafter, the "Company") has failed to timely submit remittance reports and/or contributions for the periods of May 2018 through March 2019. As a result, the Funds believe the delinquent amount owed to be **$4,896.04,** consisting of interest through the present in the amount of $146.04 and liquidated damages in the amount of $4,750.00.

Additionally, as Article 12 of the CBA states, a signatory employer is required to post a security bond or a letter of credit with the Funds for employees for whom it pays benefit contributions. Therefore, please provide proof of a wage and payment bond to the Funds in the amount of **$40,000.00.**

The Company's failure to remit the reports and/or contributions when due and to provide proof of bond constitutes a violation of both the collective bargaining agreement and federal law.

Acoustics Plus, Inc.
June 11, 2019
Page 2

The Employee Retirement Income Security Act of 1974 (ERISA) provides for civil remedies and damages in such a situation.

The Trustees of the Funds have a fiduciary obligation to pursue the recovery of the delinquent amount owed.  Accordingly, please be advised that legal action will be taken unless this matter is resolved within **ten (10) business days** from the date of this letter. *Should the Company fail to cure its delinquencies **and** provide proof of wage and payment bond, a complaint shall be filed against the Company. The Company shall then be responsible to the Funds for any and all attorney's fees and costs associated with the filing.* We urge the Company to take immediate action by providing proof of wage and payment bond in the amount of $40,000.00 and paying the arrearages owed by making payment in the amount of **$4,896.04** to the Funds.

If you have any questions, please contact me at (215) 732-0101. Thank you.

Sincerely,

Syretta J. Martin, Esquire

cc:     Brian Smith, Delinquency Controller (via e-mail)



Novak|Francella
LLC | CERTIFIED PUBLIC ACCOUNTANTS

August 19, 2019

Ms. Greta Luongo, CPA
Acoustics Plus, Inc.
P.O. Box 262
Harleysville, PA  19438

RE: **I.U.P.A.T. Industry Pension Funds**

Dear Ms. Luongo:

Enclosed, please find copies of our payroll compliance review report detailing, by month, the discrepancies we noted during our recent review of your payroll.

We ask that you review this detail and advise us of any adjustments or challenges to our findings. If we have not heard from you within ten business days from the date of this letter, we will submit our report to the Fund Administrator.

If there are any question concerning the payroll compliance review, please feel free to contact our Philadelphia office.

We wish to take this opportunity to thank you for your cooperation during the review process.

Sincerely,

MARTA COOPER

Enclosures



EXHIBIT
F

NEW YORK | 450 Seventh Avenue, 28th Floor | New York, NY 10123 | 212.279.4262
PHILADELPHIA | One Presidential Blvd, Ste 330 | Bala Cynwyd, PA 19004 | 610.668.9400
WASHINGTON, DC | 7226 Lee DeForest Dr, Ste 201 | Columbia, MD 21046 | 443.832.4009
CONNECTICUT | 255 Route 80, P.O. Box 698 | Killingworth, Connecticut 06419 | 860.663.1190
BOSTON | Independence Wharf, 470 Atlantic Avenue, 4th Floor | Boston, MA 02210 | 617.500.6578



Novak|Francella
LLC | CERTIFIED PUBLIC ACCOUNTANTS

To the Trustees of the
  IUPAT Industry Pension Fund

We have applied certain procedures, as discussed below, to the payroll records of Acoustics Plus, Inc., a contributing employer to the IUPAT Industry Pension Fund, for the period January 1, 2018 through June 30, 2019.  The purpose of our review was to assist you in determining whether contributions to the Trust Funds are being made in accordance with the collective bargaining agreement in effect and with the Trust Agreements of the Funds.  The propriety of the contributions is the responsibility of the employer's management.

Our procedures included a review of the pertinent provisions of the collective bargaining agreements and compared underlying employer payroll records to the Funds contribution records.  The employer records we reviewed included payroll journals, individual earnings records, payroll tax returns, contribution reports, job classifications, and general disbursement records as appropriate.  The scope of this engagement was limited to records made available by the employer and would not necessarily disclose all exceptions in employer contributions to the Trust Funds.  Any compensation paid to employees not disclosed to us or made part of the written record was not determinable by us and was not included in our review.

Our procedures related to a review of the employer's payroll records only and did not extend to any financial statements of the contributing employer.  The procedures were substantially less in scope than an audit of the financial statements of the contributing employer, the objective of which is the expression of an opinion on the contributing employer's financial statements.  Accordingly, no such opinion is expressed.

This report is intended solely for the information and use of the specified parties and is not intended to be and should not be used by anyone other than these specified parties.

The exceptions to employer contributions noted are detailed on the accompanying schedule.

*Novak Francella LLC*

July 24, 2019

NEW YORK | 450 Seventh Avenue, 28th Floor | New York, NY 10123 | 212.279.4262
PHILADELPHIA | One Presidential Blvd, Ste 330 | Bala Cynwyd, PA 19004 | 610.668.9400
WASHINGTON, DC | 7226 Lee DeForest Dr, Ste 201 | Columbia, MD 21046 | 443.832.4009
CONNECTICUT | 255 Route 80, P.O. Box 698 | Killingworth, Connecticut 06419 | 860.663.1190
BOSTON | Independence Wharf, 470 Atlantic Avenue, 4th Floor | Boston, MA 02210 | 617.500.6578 

**IUPAT Industry Pension Fund**

### PAYROLL COMPLIANCE REVIEW

### SUMMARY

EMPLOYER:  Acoustics Plus, Inc.

REVIEW PERIOD:  January 1, 2018 through June 30, 2019

|  | I.U.P.A.T Pension Fund | Annuity Fund | FTI Fund | LMCF Fund | PAT Fund | Total |
|---|---|---|---|---|---|---|
| **2018** | $       - | $       - | $       - | $       - | $       - | $       - |
| **2019** | 21,551.36 | 436.80 | 274.00 | 188.90 | 7.20 | 22,458.26 |
| TOTAL CONTRIB. DUE: | $ 21,551.36 | $ 436.80 | $ 274.00 | $ 188.90 | $ 7.20 | $ 22,458.26 |
| Interest through 8/13/2019: | 286.17 | 5.61 | 3.64 | 2.23 | 0.09 | 297.74 |
| Liquidated Damages (20%) | 4,310.27 | 87.36 | 54.80 | 37.78 | 1.44 | 4,491.65 |
| Cost of Audit | 436.96 | - | 2.83 | 2.83 | - | 442.62 |
| TOTAL AMOUNT DUE: | $ 26,584.76 | $ 529.77 | $ 335.27 | $ 231.74 | $ 8.73 | $ 27,690.27 |

**RESULTS OF PAYROLL COMPLIANCE REVIEW:**

A - Contributions are due for delinquent months March-June 2019
B - Contributions due for Overtime hours paid but not reflected on the payroll.

# IUPAT Industry Pension Fund

EMPLOYER: Acoustics Plus, Inc.
ADDRESS: P.O. Box 262, Harleysville, PA 19438
CONTACT: Ms. Greta Luongo, CPA
PH NUMBER: 267-757-0720

REVIEW PERIOD: January 1, 2018 through June 30, 2019
AUDITOR: Mann Cooper

Reason For Deficiency (RFD):
A - Contributions are due for delinquent months March-June 2019
B - Contributions due for Overtime hours paid but not reflected on the payroll

2019

## Contribution Due for Journeymen Tapers

| Name | SS Number | Local | RFD | | JAN | FEB | MAR | APR | MAY | JUN | JUL | AUG | SEP | OCT | NOV | DEC | TOTAL |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Van Dyke, Robert | xxx-xx-2853 | DC711 | A | HOURS | | | | 120.00 | 24.00 | | | | | | | | 144.00 |
| | | | | WAGES | | | | $ 4,794.00 | $ 958.80 | | | | | | | | $ 5,752.80 |
| | | | TOTAL HOURS | | | | | 120.00 | 24.00 | | | | | | | | 144.00 |
| | | | TOTAL WAGES | | $ - | $ - | $ - | $ 4,794.00 | $ 958.80 | $ - | | $ - | $ - | $ - | $ - | $ - | $ 5,752.80 |

### Amount Due

| FUNDS | RATES | 5/H18 | 5/H19 | JAN | FEB | MAR | APR | MAY | JUN | JUL | AUG | SEP | OCT | NOV | DEC | TOTAL |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| PENSION | $ per hour | $8.21 | $8.21 | $ - | $ - | $ - | $ 985.20 | $ 197.04 | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ 1,182.24 |
| ANNUITY | $ per hour | $2.84 | $4.00 | $ - | $ - | $ - | $ 340.80 | $ 96.00 | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ 436.80 |
| FTI FUND | $ per hour | $0.10 | $0.10 | $ - | $ - | $ - | $ 12.00 | $ 2.40 | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ 14.40 |
| LMCF FUND | $ per hour | $0.10 | $0.10 | $ - | $ - | $ - | $ 12.00 | $ 2.40 | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ 14.40 |
| PAT FUND | $ per hour | $0.05 | $0.05 | $ - | $ - | $ - | $ 6.00 | $ 1.20 | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ 7.20 |
| TOTAL AMOUNT DUE | | | | $ - | $ - | $ - | $ 1,356.00 | $ 299.04 | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ 1,655.04 |

# IUPAT Industry Pension Fund

EMPLOYER: Acoustics Plus, Inc
ADDRESS: P.O. Box 262, Hartleysville, PA 19438
CONTACT: Ms Grera Luongo, CPA
PH NUMBER: 267-757-0720

REVIEW PERIOD: January 1, 2018 through June 30, 2019
AUDITOR: Maria Cooper

**Reason For Deficiency (RFD):**
A - Contributions are due for delinquent months March-June 2019
B - Contributions due for Overtime hours paid but not reflected on the payroll

2019

## Contributions Due for Journeymen Tapers

| Name | SS Number | Local | RFD | Type | JAN | FEB | MAR | APR | MAY | JUN | JUL | AUG | SEP | OCT | NOV | DEC | TOTAL |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Bartlow, Jason | 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 | 1955 | A | HOURS | | | 152.00 | 120.00 | 78.00 | | | | | | | | 350.00 |
| | | | | WAGES | | | $6,126.12 | $4,712.40 | $3,063.06 | | | | | | | | $13,901.58 |
| Gordon, William | 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 | 1955 | A | HOURS | | 8.00 | 166.00 | 204.00 | 104.00 | | | | | | | | 482.00 |
| | | | | WAGES | | $322.16 | $7,047.25 | $8,537.24 | $4,188.08 | | | | | | | | $20,094.71 |
| Perdomo, Joseph | 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 | 1955 | A | HOURS | | | 168.00 | 168.00 | 152.00 | 128.00 | | | | | | | 616.00 |
| | | | | WAGES | | | $7,012.44 | $7,216.29 | $6,197.04 | $5,591.08 | | | | | | | $26,016.85 |
| Romero, Fidel | 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 | 1955 | A | HOURS | 40.00 | | 168.00 | 192.00 | 168.00 | 184.00 | | | | | | | 752.00 |
| | | | | WAGES | $1,610.80 | | $6,765.36 | $7,731.84 | $6,926.44 | $7,881.36 | | | | | | | $30,915.80 |
| | | | | **TOTAL HOURS** | 40.00 | 8.00 | 654.00 | 684.00 | 502.00 | 312.00 | | | | | | | 2,200.00 |
| | | | | **TOTAL WAGES** | $1,610.80 | $322.16 | $26,951.17 | $28,197.77 | $20,374.62 | $13,472.44 | | | | | | | $90,928.96 |

### Amount Due

| FUNDS | RATES | 5/18 | 5/19 | JAN | FEB | MAR | APR | MAY | JUN | JUL | AUG | SEP | OCT | NOV | DEC | TOTAL |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| I.U.P.A.T PENSION | $ per hour | $8.72 | $8.72 | $348.80 | $69.76 | $5,702.88 | $5,964.48 | $4,377.44 | $2,720.64 | | | | | | | $19,184.00 |
| FTI FUND | $ per hour | $0.10 | $0.10 | $4.00 | $0.80 | $65.40 | $68.40 | $50.20 | $31.20 | | | | | | | $220.00 |
| LMCI FUND | $ per hour | $0.05 | $0.05 | $2.00 | $0.40 | $32.70 | $34.20 | $50.20 | $31.20 | | | | | | | $150.70 |
| | | **TOTAL AMOUNT DUE** | | $354.80 | $70.96 | $5,800.98 | $6,067.08 | $4,477.84 | $2,783.04 | | | | | | | $19,554.70 |

## Contributions Due for Apprentice Tapers

| Name | SS Number | Local | RFD | Type | JAN | FEB | MAR | APR | MAY | JUN | JUL | AUG | SEP | OCT | NOV | DEC | TOTAL |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Koneczko, Jake | xxx-xx-0945 | 1955 | A | HOURS | | | 88.00 | 192.00 | 16.00 | | | | | | | | 296.00 |
| | | | | WAGES | | | $3,437.12 | $6,712.48 | $538.24 | | | | | | | | $10,687.84 |
| Maupe, Matthew | xxx-xx-3718 | 1955 | A | HOURS | | | | | | 64.00 | | | | | | | 64.00 |
| | | | | WAGES | | | | | | $1,935.36 | | | | | | | $1,935.36 |
| | | | | **TOTAL HOURS** | | | 88.00 | 192.00 | 16.00 | 64.00 | | | | | | | 360.00 |
| | | | | **TOTAL WAGES** | | | $3,437.12 | $6,712.48 | $538.24 | $1,935.36 | | | | | | | $12,623.20 |

### Amount Due

| FUNDS | RATES | 5/18 | 5/19 | JAN | FEB | MAR | APR | MAY | JUN | JUL | AUG | SEP | OCT | NOV | DEC | TOTAL |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| I.U.P.A.T PENSION | $ per hour | $2.42 | $2.42 | | | $212.96 | $464.64 | $38.72 | $154.88 | | | | | | | $871.20 |
| FTI FUND | $ per hour | $0.10 | $0.10 | | | $8.80 | $19.20 | $1.60 | $6.40 | | | | | | | $36.00 |
| LMCI FUND | $ per hour | $0.05 | $0.05 | | | $4.40 | $9.60 | $1.60 | $6.40 | | | | | | | $22.00 |
| | | **TOTAL AMOUNT DUE** | | | | $226.16 | $493.44 | $41.92 | $167.68 | | | | | | | $929.20 |

# IUPAT Industry Pension Fund

EMPLOYER: Acoustics Plus, Inc
ADDRESS: P.O. Box 262, Harleysville, PA 19438
CONTACT: Ms. Greta Luongo, CPA
PH NUMBER: 267-757-0720

REVIEW PERIOD: January 1, 2018 through June 30, 2019
AUDITOR: Marta Cooper

Reason For Deficiency (RFD):
A - Contributions are due for delinquent months March-June 2019
B - Contributions due for Overtime hours paid but not reflected on the payroll

## Contributions Due for Journeymen Tapers

| Name | SS Number | Local | RFD | | JAN | FEB | MAR | APR | MAY | JUN | JUL | AUG | SEP | OCT | NOV | DEC | TOTAL |
|------|-----------|-------|-----|---|-----|-----|-----|-----|-----|-----|-----|-----|-----|-----|-----|-----|-------|
| Gordon, William | 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 | 1955 | B | HOURS | 8.00 | 14.00 | 4.00 | 4.00 | | | | | | | | | 30.00 |
| | | | | WAGES | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| Perdum, Joseph | 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 | 1955 | B | HOURS | | | | 6.00 | | | | | | | | | 6.00 |
| | | | | WAGES | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| | | | | TOTAL HOURS | 8.00 | 14.00 | 4.00 | 10.00 | | | | | | | | | 36.00 |
| | | | | TOTAL WAGES | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |

### Amount Due

| FUNDS | RATES | 5/1/18 | 5/1/19 | JAN | FEB | MAR | APR | MAY | JUN | JUL | AUG | SEP | OCT | NOV | DEC | TOTAL |
|-------|-------|--------|--------|-----|-----|-----|-----|-----|-----|-----|-----|-----|-----|-----|-----|-------|
| IU P.A.T PENSION | $ per hour | $8.72 | $8.72 | $ 69.76 | $ 122.08 | $ 34.88 | $ 87.20 | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ 313.92 |
| FTI FUND | $ per hour | $0.10 | $0.10 | $ 0.80 | $ 1.40 | $ 0.40 | $ 1.00 | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ 3.60 |
| LMCI FUND | $ per hour | $0.05 | $0.10 | $ 0.40 | $ 0.70 | $ 0.20 | $ 0.50 | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ 1.80 |
| TOTAL AMOUNT | | | | $ 70.96 | $ 124.18 | $ 35.48 | $ 88.70 | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ 319.32 |

2019

# International Painters and Allied Trades Industry Pension Plan

# Rules and Regulations
## as amended restated as of January 1, 2015



EXHIBIT

6

IUPAT INDUSTRY PENSION PLAN                    PAGE i

## TABLE OF CONTENTS

ARTICLE 1 - ESTABLISHMENT & CONSTRUCTION ................................................ 1

| | | |
|---|---|---|
| 1.01 | Establishment of Plan and Name. | 1 |
| 1.02 | Purpose. | 1 |
| 1.03 | Trustees. | 1 |
| 1.04 | Plan Effective Date | 1 |
| 1.05 | Amendment of Plan | 2 |
| 1.06 | Prohibited Amendments | 2 |
| 1.07 | Merger or Transfer of Plan Assets | 2 |
| 1.08 | Termination of Plan | 2 |
| 1.09 | Termination Actions | 2 |
| 1.10 | Notices | 3 |
| 1.11 | Unauthorized Representations | 3 |
| 1.12 | Construction | 3 |
| 1.13 | Choice of Law | 4 |
| 1.14 | Severability | 4 |

ARTICLE 2 - ADMINISTRATION ................................................ 4

| | | |
|---|---|---|
| 2.01 | Powers Of Trustees | 4 |
| 2.02 | Duties and Powers of Plan Administrator | 4 |
| 2.03 | Discretion | 4 |
| 2.04 | Consultants | 5 |
| 2.05 | Delegation and Allocation of Responsibility | 5 |
| 2.06 | Reliance | 5 |
| 2.07 | Limitation of Liability | 5 |
| 2.08 | Indemnity | 6 |

ARTICLE 3 - PARTICIPATION ................................................ 6

| | | |
|---|---|---|
| 3.01 | Eligible Employees | 6 |
| 3.02 | Entry Date | 6 |
| 3.03 | Termination of Participation | 7 |
| 3.04 | Reinstatement of Participation | 7 |
| 3.05 | Acceptance of a New Contributing Employer | 7 |
| 3.06 | Acceptance of a New Affiliated Employer | 8 |
| 3.07 | Additional Conditions | 9 |
| 3.08 | Delinquent Employers | 9 |
| 3.09 | Mergers | 9 |

ARTICLE 4 - VESTING ................................................ 9

| | | |
|---|---|---|
| 4.01 | Vested Participant | 9 |
| 4.02 | Service Vesting | 10 |

IUPAT INDUSTRY PENSION PLAN                                    PAGE ii

4.03    Age Vesting ...................................................................................................10
4.04    Termination Vesting .....................................................................................10
4.05    Vesting Changes ...........................................................................................11
4.06    Years of Vesting Service ..............................................................................11
4.07    One-Year Break-in-Service ..........................................................................11
4.08    Effect of One-Year Break .............................................................................11
4.09    Cure of One-Year Break ...............................................................................12
4.10    Family and Medical Leave............................................................................12
4.11    Qualified Military Service ............................................................................13
4.12    Permanent Break in Service .........................................................................13
4.13    Effect of Permanent Break............................................................................14

ARTICLE 5 - ACCRUED PENSION BENEFIT CALCULATION ...................................... 15

5.01    Accrued Benefit ............................................................................................15
5.02    Pension Benefit for Service before the Contribution Period - Qualification .........19
5.03    Pension Benefit Credit for Service before the Contribution Period - Amount .........21
5.04    Loss of Benefit Credit for Service Prior to the Contribution Period. ...................22
5.05    Benefit Credit for Service during the Contribution Period...........................22
5.06    Maximum Contribution Rates .......................................................................23
5.07    Extra Contributions.......................................................................................23
5.08    Contribution Rate..........................................................................................24
5.09    Contribution Rate Changes ...........................................................................24
5.10    Benefit Break-In-Continuity .........................................................................25
5.11    New Groups ..................................................................................................26
5.12    Reciprocal Pension Agreements ...................................................................26
5.13    Merger Agreements .......................................................................................27
5.14    Post-Retirement Benefit Increases ...............................................................28

ARTICLE 6 - PENSION BENEFIT PAYMENT ................................................................ 28

6.01    Normal Retirement Pension – Eligibility......................................................28
6.02    Normal Retirement Age ................................................................................29
6.03    Normal Retirement Pension – Amount..........................................................29
6.04    Late Retirement Pension – Eligibility...........................................................29
6.05    Late Retirement Pension – Amount ..............................................................29
6.06    Mandatory Payment of Benefits ...................................................................30
6.07    Mandatory Payment - Amount......................................................................30
6.08    Special Early Retirement Pension - Eligibility .............................................31
6.09    Special Early Retirement Pension - Amount .................................................32
6.10    Early Retirement Pension —Eligibility ........................................................32
6.11    Early Retirement Pension - Amount..............................................................33
6.12    Disability Pension — Eligibility ..................................................................33
6.13    Disability Pension - Amount.........................................................................34
6.14    Effect of Recovery by a Disabled Pensioner ................................................35
6.15    Early Vested Pension — Eligibility..............................................................36

| | | |
|---|---|---|
| 6.16 | Early Vested Pension - Amount | 36 |
| 6.17 | Partial Pension - Eligibility | 36 |
| 6.18 | Partial Pension - Amount | 37 |
| 6.19 | Partial Pension – Payment Forms | 37 |
| 6.20 | Non-Duplication of Pensions | 37 |
| 6.21 | Taxes | 38 |

**ARTICLE 7 - STANDARD PENSION PAYMENT FORMS** ............................ **38**

| | | |
|---|---|---|
| 7.01 | General Payment Restrictions | 38 |
| 7.02 | Commencement of Benefits Generally | 38 |
| 7.03 | Married Participants - General Rules | 38 |
| 7.04 | Single Participants - General Rules | 39 |
| 7.05 | Small Benefits | 39 |
| 7.06 | Husband-and-Wife Pension at Retirement — Standard Form of Benefit Payment for Married Participants | 39 |
| 7.07 | Waiver of Husband-and-Wife Pension | 40 |
| 7.08 | Pre-retirement Surviving Spouse Pension | 42 |
| 7.09 | Waiver of Pre-retirement Surviving Spouse Pension | 42 |
| 7.10 | Pre-retirement Surviving Spouse Pension – Spouse Alternatives | 43 |
| 7.11 | Qualified Domestic Relations Orders | 44 |
| 7.12 | Qualified Domestic Relations Order Procedures | 44 |
| 7.13 | Guaranteed Five-Year Pension (Unreduced Pension) — Standard Form of Benefit Payment for Unmarried Participants | 45 |
| 7.14 | Pre-Retirement Death Benefit - Eligibility | 45 |
| 7.15 | Post-Retirement Death Benefit – Amount | 46 |
| 7.16 | Beneficiary | 46 |
| 7.17 | Retirement and Suspension of Benefits Before Normal Retirement Age | 47 |
| 7.18 | Pensioner Reporting of Work Before Normal Retirement Age | 47 |
| 7.19 | Resumed Benefits Before Normal Retirement Age – Eligibility | 48 |
| 7.20 | Resumed Benefits Before Normal Retirement Age - Amount | 48 |
| 7.21 | Suspension of Benefits after Normal Retirement Age | 49 |
| 7.22 | Plan Disclosure of Suspension Rules | 50 |
| 7.23 | Pensioner Reporting of Work after Normal Retirement Age | 50 |
| 7.24 | Advance Determinations of Suspendible Work | 51 |
| 7.25 | Plan Notice of Suspension after Normal Retirement Age | 51 |
| 7.26 | Resumption of Benefit Payments after Normal Retirement Age - Eligibility | 51 |
| 7.27 | Resumption of Benefit Payments after Normal Retirement Age – Amount | 51 |
| 7.28 | Waiver of Suspension and Preservation of Prior Suspension Rules | 53 |
| 7.29 | Incompetence or Incapacity of a Pensioner or Beneficiary | 54 |
| 7.30 | Non-Assignment of Benefits | 54 |
| 7.31 | Payments to Minors | 55 |

**ARTICLE 8 - OPTIONAL FORMS OF PENSION PAYMENT** ........................ **55**

| | | |
|---|---|---|
| 8.01 | General | 55 |

# IUPAT INDUSTRY PENSION PLAN

| | | |
|---|---|---|
| 8.02 | Joint and Survivor Options | 56 |
| 8.03 | Social Security (Level Income) Option | 578 |
| 8.04 | Combined Level Income and Joint and Survivor Option | 58 |
| 8.05 | Ten Year Certain Option | 59 |
| 8.06 | Lump Sum Payment Option | 59 |
| 8.07 | Benefit Payment Restrictions | 60 |
| 8.08 | Rollovers | 64 |

**ARTICLE 9 - CLAIMS PROCEDURE & BENEFIT PAYMENTS** ....................... 66

| | | |
|---|---|---|
| 9.01 | Application | 66 |
| 9.02 | Partial Pension - Application Procedure | 66 |
| 9.03 | Information and Proof | 66 |
| 9.04 | Trustee Discretion and Authority | 66 |
| 9.05 | Initial Claim Determination | 67 |
| 9.06 | Request for Review | 67 |
| 9.07 | Decision on Review | 67 |
| 9.08 | Administrative Delay | 68 |
| 9.09 | No Rights to Assets | 68 |
| 9.10 | Uniform Limitations Period | 68 |
| 9.11 | Uniform Locations for Lawsuits (Venue) | 69 |

**ARTICLE 10 - FUNDING** ....................................................................... 70

| | | |
|---|---|---|
| 10.01 | Funding Policy | 70 |
| 10.02 | Trust for Participants | 70 |
| 10.03 | Investments | 70 |
| 10.04 | Source of Benefit Payments | 70 |
| 10.05 | Expenses | 70 |
| 10.06 | Non-Reversion | 70 |
| 10.07 | Employer Contributions | 70 |
| 10.08 | Irrevocability of Contributions | 71 |
| 10.09 | Qualified Military Service Contributions | 71 |
| 10.10 | Return of Mistaken Contributions | 71 |
| 10.11 | Collection of Delinquent Contributions | 72 |

**ARTICLE 11 - CONTRIBUTING EMPLOYER WITHDRAWAL** ...................... 72

| | | |
|---|---|---|
| 11.01 | Employer Withdrawal - In General | 72 |
| 11.02 | Control Group Employer - Definition | 74 |
| 11.03 | Construction Industry Employers - Definition | 74 |
| 11.04 | Complete Withdrawal - Defined | 74 |
| 11.05 | Partial Withdrawal - Defined | 75 |
| 11.06 | Unfunded Vested Liability | 75 |
| 11.07 | Title IV Vested Benefits | 75 |
| 11.08 | Initial Unfunded Vested Liability | 75 |

11.09  Annual Change in Unfunded Vested Liability.................................................76
11.10  Reallocated Liability.......................................................................................77
11.11  Mergers.....................................................................................................77
11.12  Amount of Control Group Employer Liability for Complete Withdrawal...............79
11.13  Employer Proportionate Share of Initial Unfunded Vested Liability .................80
11.14  Employer Proportionate Share of Annual Changes in Unfunded Vested Liability........80
11.15  Apportionment Base Period...........................................................................81
11.16  Base Period Employer Contributions................................................................81
11.17  Pre-1980 Terminated Unit Contributions........................................................82
11.18  Employer Proportionate Share of Annual Charges for Reallocated Liability ...........82
11.19  Transfers of Liability ....................................................................................82
11.20  De Minimis Reduction ...................................................................................84
11.21  20-Year Payment Limitation..........................................................................84
11.22  Insolvency Reduction.....................................................................................85
11.23  Partial Withdrawal Liability - Amount .............................................................85
11.24  Payment of Withdrawal Liability.....................................................................85
11.25  Notice and Collection of Withdrawal Liability ..................................................86
11.26  Withdrawal Liability Review............................................................................86
11.27  Withdrawal Liability Arbitration ......................................................................86
11.28  Withdrawal Liability Default............................................................................86
11.29  Withdrawal Liability Collection Litigation ........................................................87
11.30  Withdrawal Liability Abatement – Construction Industry Employers ..................87
11.31  Withdrawal Liability Abatement – Other Employers..........................................87
11.32  Mass Withdrawal. .........................................................................................88

ARTICLE 12 - TAX RULES AND AFFILIATED EMPLOYERS .......................................88

12.01  Non-Discrimination .......................................................................................88
12.02  Affiliated Employer Participation.....................................................................88
12.03  Conditional Adoption.....................................................................................89
12.04  General Affiliated Employer Rules ...................................................................89
12.05  Limitation Employer.......................................................................................89
12.06  Top-Heavy Requirements................................................................................90
12.07  Maximum Benefit Limit. ................................................................................91
12.08  Section 415 Aggregation.................................................................................92
12.09  Maximum Benefits Coordination ....................................................................92
12.10  Restricted (High-25) Employees......................................................................92

ARTICLE 13 - DEFINITIONS ................................................................................93

**CITED PROVISIONS FROM THE**
**INTERNATIONAL PAINTERS AND ALLIED TRADES INDUSTRY PENSION PLAN**
**(As Restated Effective January 1, 2015 and amended to date)**

3.08    Delinquent Employers.

(a)    The Trustees may terminate a person or organization that fails to make contributions due for 90 days past the due date as an Employer.

(1)    The person or organization, to once again become an Employer, must post a bond in the amount of twice the delinquency and pay all current and delinquent contributions within three months of the posting of the bond. If the organization fails to do so, the bond shall be applied to pay any delinquency, interest, liquidated damages or legal or other costs incurred in collection or termination of the organization as an Employer and the person or organization will not be permitted to resume status as an Employer.

(2)    If the person or organization satisfies the foregoing conditions and once again is allowed to participate as an Employer on that basis, the bond will be returned if reports and contributions remain current for a period of one year following reinstatement.

(b)    After the FIP Effective Date, the Trustees shall reject any Collective Bargaining Agreement or Participation Agreement and contributions that do not conform to the FIP.

(c)    The Trustees and the Union retain the right to enforce payment of delinquencies in accordance with other provisions of this Plan, the Trust Agreement, and the applicable Collective Bargaining Agreement. Termination of an Employer may result in an assessment of Withdrawal Liability against the person or organization and its Control Group Employer.


10.07   Employer Contributions.  An Employer will pay contributions to the Plan or Trust, for allocation to the Plan as directed by the Trustees, as required by law, a Collective Bargaining Agreement, a Participation Agreement or the Trust Agreement and pay interest, liquidated damages and costs of collection (including audit and attorney fees) as required by the Collective Bargaining Agreement, Participation Agreement, Trust Agreement or law.


10.08   Irrevocability of Contributions.  Contributions by Employers to the Trust or Plan are plan assets and are irrevocable. The Employers will have no right, title or interest in contributions once paid to the Plan or Trust or in contributions owed to the Trust or Plan in accordance with a collective bargaining agreement, the Trust Agreement, a Participation Agreement or applicable law but not yet paid and no Plan assets will revert to the Employers. The Trustees may return amounts paid by an Employer due to a mistake of fact, payments conditioned on qualification of the Plan or deductibility of a payment and correct any excess contributions (as defined in IRC 4972) as provided by law.

10.11   Collection of Delinquent Contributions.

   (a)   In the case of a Contributing Employer that fails to make the contributions to the Plan for which it is obligated, in accordance with the terms and conditions of a collective bargaining agreement, the Trustees may bring an action on behalf of the Plan pursuant to ERISA 502(g)(2) to enforce the Contributing Employer's obligation.

   (b)   In any such action in which judgment is awarded in favor of the Plan, the Contributing Employer shall pay to the Plan, in accordance with the court's award:

      (1)   The unpaid contributions,

      (2)   Interest on the unpaid contributions, determined at the rate for underpayment of federal income taxes under IRC 6621

      (3)   Liquidated damages equal to the greater of:

         (A)   The amount of interest charged on the unpaid contributions, or

         (B)   20 percent of the unpaid contributions,

      (4)   Reasonable attorneys' fees and costs of the action, and

      (5)   Such other legal or equitable relief as the court deems appropriate.

   (c)   Nothing in this section shall be construed as a waiver or limitation on the rights or ability of the Plan, Trustees or Union to enforce a Contributing Employer's contribution obligation in any other type of proceeding.


## ARTICLE 13 – DEFINITIONS

Collective Bargaining Agreement ... any written labor contract or other document by and between a Contributing Employer and the Union which provides for contributions to this Plan with any and all extensions or renewals thereof and successor agreements thereto or applicable labor-management relations law which obligates an organization to make contributions to the Plan.

Contributing Employer ... an person or organization which has agreed or shall agree to make contributions to the Plan in a Collective Bargaining Agreement.

Control Group Employer ... Plan 11.02 and ERISA 4001(b).

Employer ...

   (a)   A Contributing Employer or Affiliated Employer with a current Collective Bargaining Agreement or Participation Agreement that has not, by resolution of the Trustees, been terminated from the Plan.

(b)      An organization shall not be deemed an Employer simply because it is part of a controlled group of corporations or of a trade or business under common control with a Contributing Employer or Affiliated Employer.

ERISA ... the Employee Retirement Income Security Act, as amended.

FIP ... the funding improvement plan adopted by the Trustees in accordance with ERISA 305 and IRC 432 and any update or amendment to that funding improvement plan.

FIP Effective Date ... the later of January 1, 2012 or 180 days after expiration (for purposes of ERISA 305 and IRC 432) of a Collective Bargaining Agreement or Participation Agreement in effect on January 1, 2009.

IRC ... the Internal Revenue Code of 1986, as amended.

Participation Agreement ... an agreement between a person or organization and the Trustees for contributions to the Plan consistent with Plan 12.02, 12.04.

Plan ... this document and any modification, amendment, extension or renewal thereof or, if required by context, the International Painters and Allied Trades Industry Pension Plan as an entity sponsored by the Trustees under ERISA.

Trust ... the International Brotherhood of Painters and Allied Trades Union and Industry Pension Fund, established by the Trust Agreement and shall mean generally the monies and other items of value which comprise the corpus and additions thereto, received or held for or on behalf of the Trustees.

Trust Agreement ... Trust Agreement establishing the International Brotherhood of Painters and Allied Trades Union and Industry Pension Fund, originally dated April 1, 1967, any modification, amendment, extension or renewal thereof, a restated Trust Agreement establishing the International Painters and Allied Trades Industry Pension Fund, dated 1999 and any modification, amendment, extension or renewal thereof.

Trustees ... the persons appointed as trustees pursuant to the Trust Agreement, and the successors of such person from time to time in office, in their collective capacity as the plan administrator and plan sponsor of the Plan under ERISA and their designated agents.

Union ... the International Union of Painters and Allied Trades, formerly known as the International Brotherhood of Painters and Allied Trades,  and its affiliated Local Unions and District Councils, jointly or severally.

Withdrawal Liability ... Plan 11.12, 11.23, 11.24 through 11.31 and ERISA.

**PAGE 106**

## ADOPTION & SIGNATURE

Witness our signatures, pursuant to authority granted by the full Board of Trustees, to memorialize our action and the prior resolutions of the Trustees to amend and restate the International Painters and Allied Trades Industry Pension Plan, effective as of 1/1 , 2015.

EMPLOYER TRUSTEES                           UNION TRUSTEES

By: _____          By: _____
Aristotle G. Aivaliotis, Co-Chair           Kenneth Rigmaiden, Co-Chair

Date: ___3/30___, 2015                Date: ___March 30___, 2015

2015 RESTATEMENT



**Novak | Francella**
LLC | CERTIFIED PUBLIC ACCOUNTANTS

December 23, 2019

Jack Ebert Jr.
Acoustics Plus, Inc.
P.O. Box 262
Harleysville, PA 19438

RE: **District Council No. 21 of Philadelphia Employee Benefit Funds and**
    **I.U.P.A.T. Industry Pension Funds**

Dear Sir/Madam:

Novak Francella LLC are the auditors for the Painters District Council No. 21 of Philadelphia
Employee Benefit Funds. As part of our normal review of contributions from participating
employers, we compare the contribution reports submitted by your company to your payroll and
other related records.

In this regard, we would appreciate an appointment to meet with you at your office to review the
following information:

1. Quarterly Unemployment Compensation Tax Returns.
2. Federal 941 Quarterly Payroll Tax Returns.
3. Annual W-2s and W-3.
4. Annual 1099s and the 1096.
5. Employees' individual earnings records detailing hours paid; if not available in that form, some record
   detailing hours paid per employee should be made available.
6. Copies of monthly contribution reports to all fringe benefit funds to which you contribute.
7. Cash disbursement journals and/or Check Register/Check Book.
8. Copies of the collective bargaining agreements.

Our review will be for the period July 1, 2019 through present. We will, therefore, require the
above information for that time period. We will contact you shortly to arrange an appointment.

Should you have any questions concerning the above request, please feel free to contact me at the
Philadelphia office.

Sincerely,

Marta Cooper

Cc: Greta Luongo, CPA





NEW YORK | 450 Seventh Avenue, 28th Floor | New York, NY 10123 | 212.279.4262
PHILADELPHIA | One Presidential Blvd, Ste 330 | Bala Cynwyd, PA 19004 | 610.668.9400
WASHINGTON, DC | 7226 Lee DeForest Dr, Ste 201 | Columbia, MD 21046 | 443.832.4009
CONNECTICUT | 255 Route 80, P.O. Box 698 | Killingworth, Connecticut 06419 | 860.663.1190
BOSTON | Independence Wharf, 470 Atlantic Avenue, 4th Floor | Boston, MA 02210 | 617.500.6578

